Filed Nov. 21, 1894.

———————◆———————

No. 16,971.

## McKinney et al. *v.* Lanning et al.

Real Estate.—*Title by Adverse Possession.*—*Twenty Years' Statute of Limitation.*—Twenty years of adverse possession of land under claim of ownership in fee confers as complete a title as a written conveyance.

Same.—*Easement.*—*Extinguishment.*—*Adverse Possession.*—*Revivor of Easement.*—*Conveyance.*—*Deed.*—Where A conveyed a strip of land

McKinney *et al. v.* Lanning *et al.*

off his lot to B, adjoining B's lot, to be used as a driveway, reserving to himself, his heirs and grantees an easement in said way for driving, etc., and B and his grantees have continuously, for more than twenty years, claimed the ownership in fee thereof, and for such time held exclusive and adverse possession thereof, denying the enjoyment of the easement, the easement, having been extinguished by adverse possession, can not be revived by a grantee of B by a reference to the reservation in A's deed to B.

SAME.—*Conveyance.—Deed, Recitals in.—Estoppel Only as Between Parties or Privies to Conveyance.*—The reference to the reservation in A's deed by a subsequent conveyance by one of B's grantees, can not be set up as an estoppel by the grantees of A, they not being parties or privies to the conveyance; for no one can set up another's act or declaration as a ground of estoppel, unless he has himself been misled or deceived by such act or declaration.

SAME.—*Possessory Action.—Title.—Recovery.*—One must recover, if at all, on the strength of his own title, and not on the weakness of his adversary's.

From the Washington Circuit Court.

*H. Morris, J. A. Zaring* and *M. B. Hottel,* for appellants.

*D. M. Alspaugh* and *J. C. Lawler,* for appellees.

DAILEY, J.—The complaint in this action is in three paragraphs.

The first is in the usual form for an action in ejectment.

The second, also, seeks to recover the land in dispute and to quiet the plaintiffs' title thereto and to recover damages for its detention. It sets out the facts fully, and alleges that the ground in controversy was conveyed to defendants' grantors for a special purpose, and that there was an easement or right to use and enjoy the land for certain privileges reserved to the original grantor, who was then the owner of the lands described in this paragraph, and which easement or right to use attached to the real estate of which the land in controversy was then a part, and that it was an easement running with the land; that the plaintiffs are the owners of the land, as

well as the easement in dispute, and the defendants, by reason of having failed to use said strip of ground for the purposes for which it was conveyed to their grantors, and having failed and refused to permit plaintiffs to enjoy their easement in the same, have forfeited their right thereto, and it has reverted to plaintiffs. They seek possession and ask to have their title quieted.

The third paragraph simply asks to have plaintiffs' title quieted in and to the easement, and the right to use and enjoy it, together with the right to recover damages for having been kept out of it in the past. To each of these paragraphs the defendants filed answers in three paragraphs, the first being the general denial; the second setting up the fifteen year, and the third the twenty year, statute of limitations. The plaintiffs replied by the general denial. The defendants then filed a cross-complaint in which they alleged ownership of the land in controversy, and asked to have their title thereto quieted, and set at rest as against the plaintiffs. A demurrer was overruled to the cross-complaint, and the plaintiffs then answered in general denial. The cause was tried by the court, resulting in a special finding for the defendants on their answers and cross-complaint. The plaintiffs filed a motion for a *venire de novo*, which was overruled, as was also a motion for judgment in their favor on the special finding of facts, and a motion for a new trial. Plaintiffs duly excepted to the court's conclusions of law on the special finding of facts, and judgment was rendered for the defendants. The appellants assign as error:

1. That the court erred in its conclusions of law.

2. The court erred in overruling plaintiffs' motion for a *venire de novo*.

3. The court erred in overruling plaintiffs' motion for judgment on the special finding.

The facts specially found by the court are, in sub-

stance, as follows:   In the year 1843, David T. Weir owned lot number 64, in Salem, Washington county, Indiana, and occupied it as his family residence.   James Rodman at that time owned lot 63 in said town, which adjoined the first described lot on the east side thereof, said lots fronting on East Market street, and running north to an alley.   Both lots were then under one enclosure by a post and board fence.   On the 25th day of August, 1843, said Rodman, his wife joining, executed a deed conveying to said Weir a strip 12 feet in width off the west side of lot 63, in consideration of \$33.-33⅓, which was duly recorded on January 8, 1844, in the recorder's office of said county.   It, however, stipulated that the strip was to be used as a passage with a gate in front, and the grantor reserved the privilege for himself, his heirs and grantees, to drive a horse, carriage, cow and other stock over it whenever necessary for him to do so, but for no other purpose.   Soon after the date of the deed, said Weir took possession of the premises so conveyed, erected buildings, set out fruit trees, grape vines and the like thereon, and constructed a brick pavement in front of the same, and with his family continued to so use said strip until his death, which occurred on the 4th day of March, 1846.   Said Weir died intestate, leaving his widow and Merrill A. Weir, and other children named, as his only heirs at law.   The widow and children occupied lot 64 and the 12-foot strip in dispute from the date of David T. Weir's death until they sold and conveyed the same to Merrill A. Weir, on the 30th day of April, 1880.   The grantee took possession through his tenant, and kept possession until he conveyed the same to the defendants, who were trustees of the Methodist Episcopal church, on the 22d day of March, 1886.   It was, however, expressed in this deed that the 12-foot strip was conveyed subject to the stipula-

tions and conditions of the said deed of August 25, 1843. After the death of David T. Weir, the widow and children, while in possession of said strip, built a board fence on the east line thereof, and separated it from the remainder of lot 63, and enclosed said strip and lot 64 under one fence, which has so remained from that time until the commencement of this suit. While said David T. Weir lived he claimed to own the fee simple title to said strip, from the date of his said deed until his death, and thereafter his widow and children claimed to so own it until they conveyed it to Merrill A. Weir, who so claimed to own it until he conveyed it to the defendants. Said strip was in the possession of said Merrill, and those under whom he claimed from the year 1843, to the year 1891, inclusive, under claim of ownership, and such possession was during all that time, actual, peaceable, open, notorious, continuous, uninterrupted and exclusive.

Said James Rodman died testate in 1854, and by his last will and testament, which was duly probated, devised to his son, Thomas J. Rodman, said lot 63, but by mistake described it therein as lot number 62 in said town. Said grantee, by his tenant, took possession of all that part of lot 63, lying east of the fence built by David T. Weir's widow in 1846, and by his tenants held possession until 1870, when he died intestate, leaving a widow and certain named children who were his only heirs at law.

On the 10th day of December, 1880, said widow and children executed a deed conveying to Addie E. Butler said lot 63, which deed was duly recorded in the recorder's office of said county on the 29th day of April, 1881.

On the 26th day of June, 1889, said Butler and her husband conveyed said lot 63 to John D. McKinney, one of the plaintiffs herein, and the deed was duly recorded on the 16th day of July, 1889.

On the 29th day of June, 1889, said McKinney and wife conveyed said lot to his coplaintiff, Rachel Mc-Ginley for and during her natural life. The taxes on said lot 63 were assessed in the name of James Rodman from 1843 to 1858, and from that time until 1864 in the name of his estate. From the date last named they were assessed on the east part of said lot only in the name of Thomas J. Rodman until 1870, and subsequently until 1884, to his estate. From 1884 to 1890 all of said lot was assessed to Addie E. Butler, and in 1890 to said Mc-Ginley. From 1843 until Merrill A. Weir conveyed the 12-foot strip to said trustees, it was assessed in the name of David T. Weir until he died, then against his heirs until they conveyed to Merrill A. Weir, and then in the name of the latter until he conveyed to said trustees.

On or about the 3d day of May, 1881, Addie E. Butler, by her agent and husband, demanded of Merrill A. Weir the possession of said strip, and that the same be opened as a way, but her demands were refused, and before the commencement of this suit the plaintiffs made demand upon the defendants that it be opened, but they refused to comply therewith.

It is found that when said Butler purchased lot 63, she knew the strip was in the possession of Merrill A. Weir, who claimed to own it in fee, and the plaintiffs had notice that defendants were in the possession and claiming ownership of said strip when they purchased it of said Butler.

In the case at bar the evidence is not in the record, and this court can only look to the special findings for the facts. They show conclusively that the answer of the twenty year statute of limitation was proven, and it is the settled law of this State that twenty years' adverse possession confers as complete a title as a written con-

veyance. *Bowen* v. *Preston*, 48 Ind. 367; *Booker* v. *Tarwater*, 138 Ind. 385.

It seems quite clear upon reason that the right of Rodman to the use of the twelve feet in dispute can not be revived by the deed of Merrill A. Weir to the appellees. It is shown by the special finding of facts that at the time the appellants purchased from Mrs. Butler, the grantor of the appellees was in possession of the premises, claiming to be the owner thereof, and that he and his grantors, direct and remote, had so held and exercised such ownership since the year 1843, a period of 38 years; and that when the deed to Mrs. Butler, and the one by her to the appellants were made, each grantee had knowledge of the fact that the appellees and their grantors were in possession and claiming seizin of the twelve feet in controversy.

It is urged by the appellants' counsel that the deed from Rodman to Weir only granted an "easement" or servitude in the strip, and that it was forfeited by reason of the grantee's failure to put a gate in front thereof for use as a passage way. We think this contention of the learned counsel is not supported by the findings, which show that the grantee took a fee subject to the right of user for certain specified purposes.

It is also argued that appellees ought not to have recovered below, because the deed to them from Merrill A. Weir refers to the deed of Rodman to David T. Weir, dated in 1843, and burdens the appellees with whatever it contained. It seems to us there is nothing in this contention. If the deed to the appellees were a quitclaim instrument, or, if no deed had been executed to them, but they were merely put in possession of the property, it would neither have strengthened nor weakened appellants' claim. As the appellants were not

parties to the transfer to the appellees, the mere reference to the deed made in 1843 can not destroy the title acquired by more than twenty years' adverse possession.

It is insisted by counsel for the appellants, that both the grantor and the appellees are estopped by the deed executed by the former to them, in which reference is made to the Rodman deed.

If the appellants were either parties or privies to this conveyance, their position might seem tenable. But they were strangers to the transaction, and took the deed under which they claim, with their eyes wide open, and while Merrill A. Weir was occupying the ground, exercising dominion, and asserting ownership over it.

The rule is familiar that "an equitable estoppel never arises without proof that a wrong has been done or threatened on the one side and injury is supposed or reasonably apprehended on the other. This doctrine is elementary." *Barden* v. *Overmeyer*, 134 Ind. 660 (664).

In *Simpson* v. *Pearson, Admr.*, 31 Ind. 1, this court said: "But one who insists upon the acts of another as working an estoppel must show that he acted upon the same, and was influenced thereby to do some act which would result in an injury if that other is permitted to gainsay or deny the truth of what he did. For it is a well settled rule in such cases, that no man can set up another's act or declaration as the ground of an estoppel, unless he has himself been misled or deceived by such act or declaration." *Cook* v. *Walling*, 117 Ind. 9; *Chaplin* v. *Baker*, 124 Ind. 385 (390).

In this case no misrepresentation is shown, no fraud is apparent. Merrill A. Weir said nothing and did no act to cause appellants to purchase this property. If the appellees were complaining of some acts of their grantor, they might well be cited to the deed under which they

VOL. 139—12

hold, as to his liability; but it does not come with any force for the appellants to urge in their own behalf that which might be insisted upon by Weir in a suit between him and the appellees.

Applying to this cause the well known rule of law that one must recover, if at all, on the strength of his own title, and not on the weakness of his adversaries', the appellants are not in a situation to complain of the judgment of the trial court confirming title in the appellees to the strip in litigation.

The judgment of the court below is affirmed.

Filed Nov. 15, 1894.