## DODGE v. JOHNSON ET AL., EXECUTORS.

[No. 4,371. Filed May 26, 1903. Rehearing denied January 6,.1904.
Transfer denied February 19, 1904.]

LICENSES.—*Parol License.*—*Entrance Through Party Wall.*—*Obstruction by Licensor.*—*Remedy.*—*Damages.*—*Nuisance.*—Plaintiff and defendant, being adjoining lot owners, entered into an oral agreement whereby the former purchased of the latter a six-inch strip of ground, and a party wall was constructed, each party paying half the expenses. In further compliance with the agreement, a common stairway was constructed wholly on the premises of defendant with an entrance from the stairway through the party wall to the second floor of plaintiff's premises; and in reliance on the agreement plaintiff provided no other means of entrance to the second story of his building. Subsequently defendant, over the protest of plaintiff, closed up the entrance. *Held,* that the parol license having been acted upon, was irrevocable, and that defendant was estopped to question the continued use, and was liable in damages for the obstruction of the entrance. *Held,* also, that the fact that plaintiff had failed to suppress the use of the second story of his building for immoral purposes did not give the defendant a right to maintain the obstruction, since he had an adequate remedy at law to abate the nuisance. *pp. 471-477.*

SAME. — *Real Property.* — *Parol License.* — *Revocation.* — *Injunction.*— Equity will interfere to prevent irrevocable injury through the revocation of an executed parol license in reference to real property. *p. 476.*

From Elkhart Circuit Court; *J. W. Adair,* .Special Judge.

Suit by Ruel M. Johnson against Henry C. Dodge. From a judgment for plaintiff, defendant appeals. After judgment plaintiff died, and the appeal is prosecuted against Jeannette G. Johnson and another, as executors. *Affirmed.*

*J. M. VanFleet* and *J. S. Dodge,* for appellant.

*J. D. Osborne,* for appellees.

BLACK, J.—Judgment was recovered against the appellant at the suit of Ruel M. Johnson, who died after judgment, and the appeal is prosecuted against his executors,

the appellees. The appellant's demurrer to the complaint for want of sufficient facts and his motion for a new trial were overruled.

The averments of the complaint, which illustrate the legal question involved, showed that on and before July 16, 1890, each of the parties owned a portion of a certain lot, fronting west, on Main street, in the city of Elkhart; the plaintiff's portion adjoining and south of the appellant's portion. Before that date the appellant had begun the erection of a three-story brick building on his part of the lot, fronting on that street, and extending east therefrom 100 feet. He had laid the foundation of his south wall, and had, in part, constructed that wall, adjoining the north line of the plaintiff's ground. The appellant proposed to the plaintiff that the latter should purchase of the former a strip of ground six inches in width, north and south, of the south side of appellant's ground, and that the wall so begun and partly built should be a party wall, one-half of the cost of the erection thereof to be paid by each of the parties; that the plaintiff should thereupon erect a three-story brick building on his ground, using the party wall as his north wall. And as a further inducement to the plaintiff to purchase the strip of ground, and to pay one-half the cost of the party wall, the appellant proposed that the entrance to the second and third stories of their respective buildings should be by a common stairway, resting on the appellant's real estate, and located on his side of the party wall; the entrance to plaintiff's second story to be by a door through the party wall, and leading from the landing on the second floor of appellant's building into the second story of plaintiff's building. The plaintiff accepted the appellant's proposition, and the parties agreed accordingly. Pursuant to this agreement, the appellant, at the date above mentioned, by his warranty deed, conveyed the strip of ground to the plaintiff for $75; the deed containing the following: "It is hereby agreed to between the

said grantor and grantee that the north line of said strip of land hereby conveyed shall be and remain the dividing line and the center of the party wall between the land and lots of the said grantor on the north and the said grantee on the south, and the said party wall now building thereon shall be owned and paid for by each of the said parties in equal proportions and shall be kept in repair by them and their heirs and grantees at an equal expense to each." It was further alleged that since the date before mentioned the parties have continued to own their parcels of land; that during the year 1890, pursuant to the terms of such contract and plan of construction, each of the parties erected upon his lot a three-story brick building, fronting on Main street, and between the buildings they jointly erected the party wall upon the line between their tracts, one-half upon the land of each party. The plaintiff erected his building according to the plan so agreed upon, and expended over $12,000 in the construction thereof in reliance upon his agreement with the appellant as to the party wall and as to the common stairway and entrance to the second and third stories, and in full faith that the agreement would be carried out. Both of the buildings were constructed in accordance with the agreement and plan; and, upon the faith of the agreement, no entrance to the second story and thence to the third story of plaintiff's building was made or provided for, except the stairway on the appellant's side of the party wall and the doorway from the landing on the second floor through the party wall into the plaintiff's second story. It was alleged, that there is not, and never has been, any entrance to the second and third stories of plaintiff's building, except the common stairway and this door which were constructed in the year 1890, as so agreed upon, when each party paid one-half the cost and expense thereof, and the plaintiff has since paid one-half the cost of all repairs of the stairway and entrance; that upon the completion of the buildings the parties both began the

use of the stairway and landing as a common entrance to
the second stories of the buildings, and the doorway through
the party wall was constructed by agreement of the parties,
and as a part of the general plan for the construction of the
buildings and the party wall; and the stairway and the en-
trance through the party wall continued to be used by the
plaintiff and his tenants as the sole way of ingress and
egress to and from the second and third stories of his
building, with full knowledge, consent, and acquiescence of
appellant, for the period of eight years, to and including
the greater part of the year 1899; that about November
17, 1899, the appellant, against the objection and protest of
plaintiff and his tenants, wrongfully and with strong hand,
closed and bricked up the entrance through the party wall,
and so completely cut off all access to and from the plain-
tiff's second and third stories, and compelled his tenants to
abandon the premises; and thereafter the plaintiff has been
wholly deprived of all means of ingress and egress, and of
the rents of those parts of his building, to his great loss
and damage, amounting to $2,000; and the acts of the ap-
pellant above stated have also greatly damaged, inconven-
ienced, and humiliated the plaintiff in the use, occupancy,
and management of his property and business, in the sum
of $2,000, all to his loss and damage in the sum of $4,000.
It was also alleged that if the appellant be not restrained
and enjoined from further depriving the plaintiff of the
free and uninterrupted use of the stairway, landing, and
entrance to the second and third stories of his building, and
if the appellant be not required and commanded by the
court to remove the brick obstruction placed by him in the
entrance through the party wall, the loss and damage of the
plaintiff will be irreparable, and he will be totally deprived
of the future use and occupancy of the second and third
stories of his building. Prayer for judgment for $4,000,
that the appellant be commanded to reopen and fully re-
store to its original condition the doorway through the

Dodge *v.* Johnson.

party wall, and be perpetually enjoined from interfering thereafter with the plaintiff and his tenants in the free use of the stairway, landing, and entrance therefrom through the party wall to the second story of plaintiff's building, and for all further equitable relief.

The agreement under which the owners of the adjoining lots proceeded was an oral contract, which was fully executed by both parties; the appellant conveying to the plaintiff, for a certain sum, the strip of ground on which one-half of the party wall rested, and each party erecting a three-story brick building; the party wall being constructed at their joint expense; the stairway upon the appellant's real estate being also constructed and repaired at their joint expense; the door to which it led being made and used according to the agreement, and the plaintiff's building being constructed without other means of access to the upper stories. That there was a valuable consideration for the promise of the appellant to permit the use of the stairway upon his premises and the passage therefrom through the party wall, is manifest. When the parties had thus acted upon the agreement, the plaintiff was thereby placed in a situation with reference to the use of his real estate such that to be deprived of the means of access to a part thereof did not merely give him a cause of action at law for damages as for trespass or private nuisance, but it entitled him to relief in equity. The license to make such use of the appellant's real estate having been so acted upon, was irrevocable; and the appellant was estopped to question the continued use, and liable in damages for obstruction of the passageway. The injury was of such character that an action at law would not furnish a full and adequate remedy, and the case was one for which a mandatory injunction, as prayed for, was a part of the proper relief. This was necessary to place the parties in statu quo, and in order to prevent the conduct of the appel-

lant from operating as a fraud upon the plaintiff, as well as in order to prevent a multiplicity of actions.

Concerning this doctrine that equity will interfere to prevent irrevocable injury through the revocation of such an executed license, the courts have not been in accord; but it is well established in this State, and appears to be growing in other states. See *Brauns* v. *Glesige,* 130 Ind. 167; *Joseph* v. *Wild,* 146 Ind. 249; *Noble* v. *Sherman,* 151 Ind. 573; *Roush* v. *Roush,* 154 Ind. 562; *Shroyer* v. *Campbell,* 31 Ind. App. 83; Jones, Easements, §§77, 78; Washburn, Easements (4th ed.), 26 *et seq.;* Tiedeman, Real Property, §653; 1 Washburn, Real Property (5th ed.), 661 *et seq.;* Pomeroy, Eq. Jurisp., §1346 *et seq.*

It is claimed, in opposition to the court's action in overruling the motion for a new trial, that the second paragraph of answer was sustained by proof of a settlement and compromise of the matters upon which the complaint was based, prior to the closing of the doorway. There was evidence that after complaints had been made by the appellant to the plaintiff because some of the tenants of the upper rooms of the plaintiff's building were lewd women, who, with their male associates, used the stairway and hallway, the appellant served upon the plaintiff a written notice that the appellant would proceed at a date stated—about one month thereafter—to brick up the entrance from the hallway to the plaintiff's upper stories, and would then cease to suffer the stairway and hallway to be used by any of the plaintiff's tenants or by the plaintiff; and there was evidence that the plaintiff then promised the appellant to construct a stairway in the plaintiff's building, and to cease to use the appellant's stairway, if the latter would give time therefor, to which the appellant assented. The doorway was not closed by the appellant until about one year after this notice and conversation of the parties. There was not in the pleadings any statement of a consideration for such a promise on the part of the plaintiff,

or of the existence of any agreement that the use of the stairway might be revoked because of the presence and bad conduct of such tenants. Evidence as to whether there was such an agreement was conflicting, and it does not appear that the demand of the appellant and the promise of the plaintiff had relation to any claim of right based upon such an agreement, or to a controversy as to the existence of such an agreement.

A third paragraph of answer alleged the use of the upper stories of the plaintiff's building for immoral purposes by female tenants of bad character and their male followers, but did not show that in the contract under which the parties constructed their buildings there was any condition or agreement relating to such use of the premises. It is claimed the evidence showed such use of the upper portion of the plaintiff's building. If it be true that the plaintiff permitted or failed to suppress such a nuisance, the appellant had an adequate remedy therefor at law, and such wrong did not give him a right to deprive the plaintiff himself and all other tenants to whom he might desire to let his premises from access thereto by permanently obstructing the only means of access.

Judgment affirmed.