## The Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* Gannon.

[Filed April 27, 1916. Rehearing granted January 30, 1916. Transfer denied December 14, 1916.]

1. Appeal. — *Briefs.—Rules of Court.—Substantial Compliance.*— Although the rules for the preparation of appellant's brief have not been strictly followed, the errors presented will be considered where there has been a substantial compliance therewith. p. 293.

2. Appeal.—*Review.—Instructions.—Consideration.—Misleading Instruction.*—In an action for unlawful appropriation of a tract of real estate and for damages, an instruction that the burden was on defendant to prove by a fair preponderance of the evidence that the material allegations of its several paragraphs of answer, which pleaded the different statutes of limitations, while misleading, if standing alone, was not prejudicial to defendant when read in connection with other instructions, given by the court on its own motion, which covered specifically each paragraph of answer, except that pleading the ten-year statute of limitations. p. 293.

3. Appeal.—*Review.—Instructions.—Burden of Proof.—Preponder-*

*ance of the Evidence.—Harmless Error.*—In an action for unlawful appropriation of real estate and for damages, an instruction which informed the jury that the "burden of proof" and the "fair preponderance of the evidence" did not mean that either party must prove any particular fact by a greater number of witnesses than the opposing party, but meant the facts testified to by the witnesses that carried the greater weight, was not prejudicial to defendant as confusing the burden of proof with the preponderance of the evidence, or as excluding documentary evidence from the consideration of the jury, when read in connection with other instructions that "if you find from a fair preponderance of the evidence," and that, in determining whether defendant had been in possession of the real estate in controversy, the jury should consider all the evidence and be governed by a fair preponderance thereof, and to consider, among facts shown by all the evidence, defendant's use of the realty.    p. 294.

4.    APPEAL. — *Review.—Instructions.—Harmless Error.—Appropriation of Lands.—Measure of Damages.*—In an action for possession of lands unlawfully appropriated and for damages, an instruction that, if it should be found that defendant unlawfully appropriated the real estate in controversy, the measure of damages would be the value of the land appropriated, while not a correct statement of law, was more favorable to defendant than one could have been embodying the general rule that the measure of damages was the difference in the value of the whole tract of real estate before the alleged appropriation and thereafter, as the defendant was not required by the instruction complained of to answer for any damages that might have resulted to the residue of the land by reason of the taking of a part thereof.    p. 295.

5.    APPEAL.—*Review.—Excessive Damages.—Presenting Questions for Review.*—In order to present for review on appeal an objection that an instruction states an erroneous measure of damages, there must have been an assignment, as a ground for a new trial, that the damages recovered were excessive.    p. 295.

6.    APPEAL.—*Review.—Instructions.—Refusal.*—In an action for the unlawful appropriation of a tract of real estate and damages, the refusal of defendant's requested instructions on the question of the burden of proof as to the title of the land in controversy and the different elements to be considered in arriving at the measure of damages was proper, where the court informed the jury, in an instruction on the subject of ownership, that plaintiff, to recover, must show by a fair preponderance of the evidence that he was the legal owner of the real estate in controversy at the time of its appropriation, and where the instructions given as to the measure of damages were more favorable to defendant than it was entitled to.    p. 296.

7. APPEAL.—*Review.—Jury Question.*—In an action for the unlawful appropriation of realty, the weight to be given the evidence relied on by plaintiff to establish ownership was, if such evidence were competent, for the jury, and, as the general verdict necessarily found for plaintiff upon such issue, the court on appeal is precluded from further inquiry. p. 296.

8. EMINENT DOMAIN.—*Appropriation of Land.—Action by Owner. —Burden of Proof.—Title.*—In an action for possession of land alleged to have been unlawfully appropriated and for damages, where plaintiff was not in possession of the realty in controversy at the time the action was commenced and had not been for a long time prior thereto, the burden was on him to establish title as alleged. p. 297.

9. APPEAL.—*Review.—Evidence.—Public Records.—Deeds.—Certification.—Admissibility.—Statute.*—In an action for the unlawful appropriation of land, where plaintiff relied on certified copies of certain deeds to establish his title, it was not error for the trial court to admit in evidence certified copies of deeds upon which appeared, above the recorder's certificates attached thereto, the words "Decatur County Recorder's Seal. Indiana," since this was a substantial compliance with §478 Burns 1914, §462 R. S. 1881, which requires that copies of deeds and other instruments required by law to be recorded in public offices, to be admissible in evidence, must be duly certified by the officer having the custody thereof, and authenticated by the officer's seal, which should be attached to the certificate of the officer to the instrument exemplified. p. 297.

From Shelby Superior Court; *Pliny W. Bartholomew,* Judge.

Action by Michael Gannon against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Carter & Morrison,* for appellant.

*John E. Osborne, Frank Hamilton* and *M. O. Sullivan,* for appellee.

MORAN, J.—The subject of controversy in this cause is a small tract of real estate, located on the outskirts, but within the corporate limits, of Greensburg, Indiana. On March 20, 1911, appellee filed a complaint against appellant in two paragraphs, one for damages for the unlawful appropriation of this tract of real estate, and the other for

possession of the same and for damages for unlawfully with-holding the possession thereof. Upon issue being joined, a trial was had before a jury in the Shelby Superior Court, where the cause had been venued. Verdict was returned for appellee, awarding damages in the sum of $500, and denying him the right to possession of the real estate. Judgment was rendered on the verdict. The overruling of appellant's motion for a new trial is the error relied upon for reversal.

Briefly, the facts disclose that the Michigan division of appellant's railroad crosses the Chicago division at a point within the corporate limits of the city of Greensburg. At the point of intersection, the Chicago division runs east and west, and the Michigan division runs northeast and south-west. For convenience in the operation of cars, a switch was constructed from the east side of the Michigan division to the north side of the Chicago division, leaving a tri-angular space between the tracks of the two divisions. Appellant filled up the triangular space and erected a modern station thereon. Appellee claimed to be the owner of a lot, the greater portion of which extended north of the Michigan division, and a very small portion extending south of the track of this division. The portion of land in controversy is bounded on the northwest by the right of way of the Michigan division of appellant's railroad, and on the east and south by land owned by appellant.

The giving of instructions Nos. 3, 4, 5 and 6 by the court of its own motion, and the refusal to give instructions Nos. 5, 7, 8, 12, 13, 14, 14½, 16 and 18, tendered by appellant, together with the admission and rejection of certain evi-dence, are the questions presented for review under the motion for new trial.

Appellee seeks to obviate the errors relied upon by appel-lant on the ground that neither the bill of exceptions con-taining the instructions nor the bill of exceptions contain-ing a transcript of the evidence are properly authenticated,

and that appellant's brief does not comply with the rules prescribed for the briefing of causes in this and the Supreme Court. An examination of the record discloses that the bills of exceptions containing the instructions and transcript of the evidence are duly authenticated, and if the rules have not been strictly followed by appellant in the preparation of its brief, there has at least been a substantial compliance with the same. The errors presented must be considered upon their merits.

Instruction No. 3, given by the court of its own motion, informed the jury that appellee had the burden of proving by a fair preponderance of the evidence the material allegations of at least one of his paragraphs of complaint, and that the burden was upon appellant to prove by a fair preponderance of the evidence the material allegations of its second, third, fourth, sixth, seventh and ninth paragraphs of answer. It can readily be seen how the latter part of this instruction, if standing alone, could have been misleading; for it, in effect, told the jury that, in order for either paragraph of answer to be available as such, the material allegations of the same, together with the material allegation of each of the other paragraphs, must have been established by a fair preponderance of the evidence.

In stating the issues, the jury's attention was called to each of the affirmative paragraphs of answer, which pleaded in various forms the different statutes of limitations that might be available to appellant.

By instruction No. 8, given by the court of its own motion, the jury was informed that if the damage accrued within six years before the commencement of the action, the finding should be for the defendant. By instruction No. 9, given by the court of its own motion, the fifth, sixth and seventh paragraphs of appellant's answer were covered, the jury being informed that, if appellant had the posses- sion of the real estate for twenty years undisturbed, and

the possession had been open, visible and continuous, there could be no recovery by the appellee. Each of the paragraphs of answer, save the eighth paragraph, which pleads the ten-year statute of limitations, was specifically covered by the court's instructions. The objectionable part of instruction No. 3, when read in connection with all of the other instructions that dealt with the subject-matter covered by the various paragraphs of answer, could not have misled the jury to the prejudice of appellant. By instruction No. 4, given by the court of its own motion, the jury was told that by the "burden of proof" and the "fair preponderance of the evidence" is not meant that the plaintiff or the defendant must prove any particular fact by a greater number of witnesses than the opposing party must prove the same fact, but by the "burden of proof" and "fair preponderance of the evidence" is meant the facts testified to by the witnesses that carry the greater weight. In addition to confounding the burden of proof with the preponderance of the evidence, it is insisted that the effect of this instruction was to exclude from the consideration of the jury the value of documentary evidence. At various places in the instructions given to the jury by the court is found the expression, "if you find from a fair preponderance of the evidence," which, by inference at least, informed the jury that all the evidence, whether oral or documentary, should be considered. Instruction No. 9, given by the court of its own motion, contains the following expression: "In determining whether or not the defendant has or has not been in possession of the real estate in controversy herein, you must consider all of the evidence in this cause upon said subject, and be governed by a fair preponderance of the same, and you may, among other facts shown by all the evidence, consider as to what use the defendant has or has not made of the real estate in controversy herein." Here again all of the evidence was referred to, which included the documentary as well as oral

evidence. Appellant was not harmed by the giving of this instruction.

Instructions Nos. 5 and 6, given by the court of its own motion, informed the jury that, if they found that the real estate was unlawfully appropriated by appellant, the measure of appellee's damages would be the value of the real estate appropriated. Appellant insists that the correct rule as to the measure of damages was the difference in value of the whole tract of real estate before the alleged appropriation and the value after the appropriation. This is the general rule as disclosed by the authorities in this State.

"Where a part of a tract of land is taken, the owner is entitled to the value of the land actually appropriated and any injury to the residue of the land naturally resulting from the appropriation and the construction and operation of the road thereon." *White* v. *Cincinnati, etc., Railroad* (1904), 34 Ind. App. 287, 71 N. E. 276; *Louisville, etc., R. Co.* v. *Sparks* (1895), 12 Ind. App. 410, 40 N. E. 546; *Evansville, etc., R. Co.* v. *Swift* (1891), 128 Ind. 34, 27 N. E. 420.

The instructions given upon the measure of damages impress us as being more favorable to appellant than one embodying the general rule could have been, as appellant was not required by the instruction given to answer for any damages that might have resulted to the residue of the real estate by reason of the part appropriated. And, further, appellant's brief does not disclose that any complaint was made by the appellant in its motion for a new trial that the damages were excessive, which should have been made in order to present the question for review in this court. *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 107 N. E. 486, and authorities cited.

The instructions requested by appellant went to the question of the burden of proof as to the title to the real

estate in question, and the different elements to be 6. considered in arriving at the measure of damages in the event they should find that the appellee was damaged. The court informed the jury that appellee, in order to recover, must show by a fair preponderance of the evidence that he was the legal owner of the real estate in dispute at the time of the appropriation. This covered in a general way the subject-matter covered by the instructions tendered by appellant upon the ownership of the real estate. What we have heretofore said on the measure of damages disposes of the other questions presented by the instructions tendered by appellant.

Many of the instructions given to the jury, when standing alone, lack clearness of expression. Taking the instructions as a whole, however, the jury was informed as to the law applicable to the issues joined and the facts involved. There was no error in refusing to give either of the instructions tendered by appellant.

The principal objection to the admission of the evidence complained of is directed to the admission in evidence of four certified copies of deeds of conveyances by which 7. appellee sought to establish title to the real estate described in his complaint. The ownership of the real estate was a controverted question. Appellee's remote grantors, in conveying the real estate of which the small tract in question was a part, exempted from their deeds in favor of the railroads, which were located adjacent thereto, certain portions of the real estate for right of way purposes; and there is much uncertainty as to the ownership of the small tract in question, which lies between the two divisions of appellant's railroad. However, if the evidence relied upon to establish the ownership was competent, the weight to be given to the same was for the jury. The general verdict necessarily found for appellee upon this issue, and we are precluded from further inquiry under the facts and circumstances disclosed by the record.

We direct our attention to the competency of the evidence by which the ownership of the real estate was sought to be established. Appellee was not in possession 8. of the real estate at the time the action was commenced, nor had he been for a long time prior thereto. The burden was upon him to establish title as alleged. 15 Cyc 1006; *Dean* v. *Metropolitan, etc., R. Co.* (1890), 119 N. Y. 540, 23 N. E. 1054; *City of LaFayette* v. *Wortman* (1886), 107 Ind. 404, 8 N. E. 277.

The real estate in question is located in Decatur county, and the trial was had in Shelby county. It is earnestly urged by appellant that certain certified copies of 9. deeds, by which appellee sought to establish title to the real estate in question, were erroneously admitted in evidence over the objection of appellant, on the ground that they were not properly authenticated by the recorder of Decatur county; the specific objection being pressed that the recorder's seal of office was not attached to the certificates. By §9507 Burns 1914, §5943 R. S. 1881, the recorder of a county is required to provide himself with a seal to be used in attesting certificates and other instruments necessary and proper to be sealed, to which full faith and credit shall be given. "Copies of instruments and proceedings required by law to be recorded therein (in public offices), to be admissible as evidence, must be duly certified by the officer having the custody thereof." *Knotts* v. *Zeigler* (1914), 58 Ind. App. 503, 106 N. E. 393; §478 Burns 1914, §462 R. S. 1881. "Where the law requires that a record or paper to make it admissible as evidence, shall be certified by the official custodian and attached by the seal of his office, the omission of the seal is fatal, and the document is not admissible." *Elliott,* Evidence §1380. *Painter* v. *Hall* (1881), 75 Ind. 208; *Sykes* v. *Beck* (1903), 12 N. D. 242, 96 N. W. 844.

In the light of the construction given the statute, which provides for the admission in evidence of exemplification

or copies of records, and the authorities generally, if appellant's contention is true that there was an omission of the recorder's seal, the certified copies of the deeds were not properly authenticated and were erroneously admitted in evidence, and the error would be reversible, as this was the only method resorted to by appellee to establish the title to the real estate in question. A close examination of the record discloses that, while the seal of the recorder was not attached to the certificates of the recorder to the copies of the deeds, but just above the certificates and upon the copy of the deeds appear the words, "Decatur County Recorder's Seal, Indiana." The better practice would have been to have placed the seal upon an appropriate place on the certificate. However, from the examination we have made of the record we cannot say, under the circumstances, that there was not a substantial compliance with the statute; therefore there was no error in admitting the certified copies of said deeds in evidence.

We have carefully examined each of the questions presented by appellant and find no error that calls for a reversal of the judgment. Judgment affirmed.

Note.—Reported in 112 N. E. 411. See under (9) 17 Cyc 339.