## DONNER *v.* GRIFFITH.

[No. 9,649. Filed February 18, 1919. Rehearing denied May 14, 1919. Transfer denied December 19, 1919.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer.*—In an action to enjoin the obstruction by an adjoining landowner of a strip of land claimed to be a public highway between his building and plaintiff's property, error, if any, in overruling a demurrer to a paragraph of complaint, demurred to on the ground that it constituted an attempt to vary or contradict the terms of a deed, was harmless, where the cause was decided on another paragraph of complaint which was based on the theory that the strip in dispute became a public highway by user. p. 696.

2. ESTOPPEL.—*Obstruction of Public Highway.*—*Action for Injunction.*—*Designation in Deeds as Private Way.*—*User.*—In an action to enjoin the obstruction by an adjoining landowner of a strip of land used by plaintiff as a driveway, plaintiff was not estopped to claim that the strip was a public alley because of the fact that in every conveyance in his chain of title the alley was designated as a private alley, where plaintiff's cause of action was based not upon the deeds, but upon the theory that the strip had become a public highway by user. p. 697.

3. MUNICIPAL CORPORATIONS.—*Public Highway.*—*Establishment by User.*—Where a landowner used an adjoining strip of land as a public highway for more than twenty years, he was entitled to the continued use thereof on the doctrine of user, although the land was situated within a city, as the doctrine of user is applicable to land within cities and towns, as well as without. p. 697.

4. EVIDENCE.—*Admissibility.*—*Deeds.*—*Form of Certificate.*—*Sufficiency.*—*Statute.*—A county recorder's certificate to copies of deeds reciting that each was a "true and correct" copy of the original was in substantial compliance with §478 Burns 1914,

§462 R. S. 1881, requiring certification that the copy is "true and complete," and such copies were admissible as evidence. p. 698.

5. EVIDENCE.—Action to Enjoin Obstruction of Highway.—Conversation with Former Owner of Land.—Admissibility.—In an action to enjoin the obstruction by an adjoining landowner of a strip of his land used by plaintiff as a driveway, a conversation between a former owner of plaintiff's property and the agent who sold the property to such former owner relating to an alleged parol license by which the agent authorized the use of the strip in controversy for a driveway, was admissible in evidence. p. 699.

6. APPEAL.—Review.—Harmless Error.—Admission of Evidence.— Error, if any, in the admission of evidence was harmless, where it affirmatively appeared that the court ignored such evidence. p. 699.

From Jackson Circuit Court; *Oren O. Swails,* Judge.

Action by Alexander T. Griffith against Fred G. Donner. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Montgomery & Montgomery, Baker & Richman* and *Walter L. Neible,* for appellant.

*John M. Lewis, William H. Everroad, Cassius B. Cooper, C. J. Kollmeyer* and *Julian Sharpnack,* for appellee.

This action was instituted by appellee to enjoin appellant from erecting a permanent obstruction in and across a strip of ground ten feet wide and located between buildings owned by the parties, respectively, in the city of Columbus. The court made a special finding of facts, stated conclusions of law favorable to appellee, and perpetually enjoined appellant from obstructing said strip of ground.

The special finding of facts contains the following: "For thirty years prior to this action appellee and his grantors back to and including Charles B. Kerr continuously and uninterruptedly used said strip as

a right of way into and from the building on the real estate owned by them, which use was adverse to the use of appellant and his grantors and with their full knowledge and acquiescence. For more than twenty years prior to March 26, 1914, said strip had been unenclosed, without any building or improvement thereon. In 1877 appellee's grantors and the public generally began to use said strip for a public highway; and said use continued thereafter uninterruptedly and adversely to appellant and his grantors, under a claim of right by appellee and his grantors, for a period of more than twenty years and until March 26, 1914. On said date appellant was preparing to build a permanent brick and concrete wall across the end thereof which would prevent appellee from using his buildings for the purpose for which he constructed them, and which would cause him permanent injury; and that appellee would sustain special and peculiar damages not sustained by him in common with the general public.''

The conclusions of law are: ''That the law is with appellee. That the ten-foot strip, on March 26, 1914, was a public highway. That the public, including appellee, was entitled to the free and unobstructed use of said strip and that appellant should be enjoined from erecting said wall.''

The following errors are relied on for reversal: (1) Overruling the demurrer to the fourth paragraph of complaint; (2) sustaining the demurrer to the second paragraph of answer; (3) sustaining the demurrer to the third paragraph of answer; (4) in the conclusions of law; and (5) the overruling the motion for a new trial.

DAUSMAN, C. J.—(1) The strip of ground in contro-

versy extends east and west through lots 28 and 29.
Appellee owns a tract abutting on the south line of
said strip. Appellant owns a tract abutting on the
north line of said strip and also owns the fee in the
strip. In the fourth paragraph of complaint it is
alleged in substance: "That on October 20, 1877,
George P. Bissell as administrator or trustee was in
possession of, and had power to sell, said lots; that
on said day he conveyed by deed to Keller & Brock-
man all that part of said lots situated on the north
side of said strip, and as a part of said transaction
and by the same deed, he conveyed to them a right of
way over said strip so long as the real estate in said
deed conveyed should be used for manufacturing pur-
poses; that thereafter Bissell conveyed to Kerr, ap-
pellee's remote grantor, all that part of lot 29 and a
portion of lot 28, situated south of, and abutting on,
said strip; that in consideration of the purchase of
said land by Kerr, and for the purpose of inducing
Kerr to make the purchase, Bissell promised and
agreed that said strip, which was then in use as a
driveway, would be reserved and kept open as and
for a driveway or alley for the use and benefit of
the owners of the real estate on either side thereof."

The only objection to said fourth paragraph of
complaint is directed against the averment concern-
ing the parol agreement. This objection is on
1. the ground that said averment constitutes an
attempt to vary or contradict the terms of the
deed. The theory of said paragraph is that Kerr
acquired from Bissell an irrevocable license to use
said strip as a right of way which became an ease-
ment appurtenant to the real estate acquired by the
former. The purpose of said averment is to reveal

the origin of the alleged easement and not to vary the terms of the deed. Moreover, the finding of facts and the conclusions of law disclose unmistakably that the entire controversy was decided on the first paragraph of complaint, which is on the theory that the strip in dispute became and is a public highway by user. Therefore, appellant was not harmed by the ruling on that demurrer. *Young* v. *Berger* (1892), 132 Ind. 530, 32 N. E. 318; *Olds* v. *Moderwell* (1882), 87 Ind. 582; *Barnett* v. *Gluting* (1891), 3 Ind. App. 415, 29 N. E. 154, 927; §407 Burns 1914, §398 R. S. 1881.

(2) The second paragraph of answer sets out appellee's record title to the real estate abutting on the south line of said strip. It is averred therein that in every conveyance in this chain of title, from Bissell down to appellee, the strip is designated as the north boundary line and characterized as a private alley, but that no part of the strip has ever been conveyed to appellee. The theory of this pleading is that by reason of the recitals in said conveyances appellee is estopped to claim that the strip is a public alley. But appellee's cause of action is not based on the deeds or any of them. Therefore, the rule for which appellant contends is not applicable. *Simpson* v. *Pearson* (1869), 31 Ind. 1, 99 Am. Dec. 577; *McKinney* v. *Lanning* (1894), 139 Ind. 170, 38 N. E. 601.

(3) By the special finding and conclusions of law it clearly appears that the trial court based its decision exclusively on the ground that said strip became a public highway by user. In some of the earlier cases the Supreme Court expressed a doubt as to whether a highway may be established

in this manner within the limits of a town or city. *Tucker* v. *Conrad* (1885), 103 Ind. 349, 2 N. E. 803; *Shellhouse* v. *State* (1887), 110 Ind. 509, 11 N. E. 484. But it is now settled that the doctrine of user is applicable within, as well as without, towns and cities. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1898), 150 Ind. 536, 50 N. E. 741; *German Bank* v. *Brose* (1903), 32 Ind. App. 77, 69 N. E. 300; *Town of Marion* v. *Skillman* (1891), 127 Ind. 130, 26 N. E. 676, 11 L. R. A. 55. See, also, Elliott, Roads and Streets (2d ed.) §159; 37 Cyc 12 *et seq.* Where the ground has been used by the public as a highway continuously for twenty years, the theory of a dedication may be ignored. *Cromer* v. *State* (1899), 21 Ind. App. 502, 52 N. E. 239. There is no error in the conclusions of law.

(4) Under the fourth assignment appellant presents the following contentions:

(a) That the evidence does not sustain that part of the decision wherein the court has found that the use of the strip by the public was adverse to appellant; but that the evidence "brings the case within a line of decisions which hold that where owners of land devote a portion of it for use as an alley for their own private purposes, such alley will not be converted into a public highway simply because the public also use it in conjunction with the owners." We have carefully examined the evidence, and we find that it tends fairly to support the finding in this respect.

(b) That the court erred in admitting in evidence certain copies of deeds, because the county recorder certified that each was a "true and correct" copy of the original, instead of using the statutory words "true and complete." §478 Burns

1914, §462 R. S. 1881. In this there was no. error. The form of certificate is a substantial compliance with the statute. See *Keesling* v. *Truitt* (1868), 30 Ind. 306; *Cleveland, etc., R. Co.* v. *Gannon* (1916), 63 Ind. App. 289, 112 N. E. 411.

(c) That the court erred in permitting William H. Everoad to testify to a conversation between Buck Jones and C. D. Kerr. As Bissell's agent, Jones sold the real estate now owned by appellee to Kerr, and the conversation related to the alleged parol license by which Kerr was authorized to use the strip for a driveway as averred in the second paragraph of complaint. We are of the opinion that the testimony was properly admitted. *Welz* v. *Rhodius* (1882), 87 Ind. 1, 44 Am. Rep. 747; *Robinson* v. *Thrailkill* (1887), 110 Ind. 117, 10 N. E. 647; *Dodge* v. *Johnson* (1904), 32 Ind. App. 471, 67 N. E. 560. In any event it was harmless, because it affirmatively appears that it was ignored by the court.

Judgment affirmed.