## BEARD v. LINK ET AL.

[No. 11,611.   Filed December 19, 1923.   Rehearing denied March
21, 1924.]

1. APPEAL.—*Review.*—*Right to Recover.*—Where appellees' com-
plaint sought to enjoin the appellant, a lessee, from further
interfering with them in the completion of a steam heating
plant in the rented building and for damages sustained by
reason of such interference theretofore made, a proposition
in appellant's brief directed to the sufficiency of the evidence
to sustain the decision of the court was held broad enough
to cover not only the equitable relief granted but the right
to recover damages.   p. 295.

2. APPEAL.—*Review.*—*Right to Recover.*—*Moot Question.*—A
landlord's right to damages for a tenant's interference with
the completion of a heating system in the rented building, being
independent of his right to equitable relief, the question of
damages is not a moot question on appeal merely because the
heating plant was completed after the rendition of the judg-
ment and before the appeal was perfected, and appellant is
prosecuting an action for damages based on alleged negligence
in the operation of the heating plant.   p. 295.

3. APPEAL.—*Review.*—*Moot Question.*—Where one of the con-
trolling questions in a landlord's suit to enjoin a tenant from
interfering with the completion of a heating plant in the rented
building was the extent of the license granted by the latter
to the landlord to enter the premises and construct a portion
of the heating plant therein, the question of the landlord's
right to the equitable relief is not moot, for the reason that
if such license was exceeded, the tenant would have a right
of action for trespass, but the judgment appealed from would
stand as a bar to any action in which such question was
involved.   p. 295.

4. INJUNCTION.—*Landlord and Tenant.*—*Parol License by Ten-
ant.*—*Revocation.*—A complaint by a landlord against a tenant
showing a parol license by the tenant to the landlord to enter
on the premises occupied by the tenant and complete the in-
stallation of a heating plant therein, the expenditure of a large
sum of money on the faith that the license was to be con-
tinuous, and an attempted revocation of the license under such
circumstances that, if permitted, would result in irreparable
injury to the landlord, states a cause of action for equitable
relief.   p. 296.

5. INJUNCTION.—*Landlord and Tenant.*—*Landlord Exceeding
License.*—*Evidence.*—*Sufficiency.*—In a landlord's action to en-
join a tenant from interfering with the completion of a heat-

ing plant in the rented building, evidence *held* sufficient to warrant a finding that the plaintiff, in placing more than one "riser" through the floor of the room occupied by the defendant, did not exceed a parol license to enter defendant's premises and install parts of the system therein.  p. 297.

6.  APPEAL.—*Review.*—*Excessive Damages.*—*Appellant's Briefs.* —Where appellant's brief contains no proposition or point directed to his reason for a new trial that the damages awarded to the appellee are excessive, and the finding of the court is sustained by sufficient evidence and is not contrary to law, the ruling of the trial court on the motion for a new trial will not be reversed.  p. 298.

From Marion Superior Court (A14,836); *Linn D. Hay,* Judge.

Action by Goethe Link and another against Walter R. Beard. From a judgment for plaintiffs, the defendant appeals.  *Affirmed.*

*Arthur R. Robinson, Frank A. Symmes, Garth B. Melson* and *Frank S. Roby,* for appellant.

*Charles T. Hanna* and *Thomas A. Dailey,* for appellees.

BATMAN, J.—It appears that appellees are the owners of a three story brick building with a basement, and that the ground floor and basement thereof is held by appellant under a lease.  Appellees instituted this action to enjoin appellant from further interfering with them, and their contractor and its workmen, in the completion of a steam heating system in said building, which included the installation of certain pipes and other equipment in that portion of such building so held by appellant, and for damages sustained by reason of such interference theretofore made, the right asserted by appellees being based on a parol license which it is claimed had become irrevocable by reason of an expenditure of a large sum of money in reliance thereon. The complaint is in a single paragraph, and a demurrer thereto for want of facts was filed and overruled.  A trial by the court resulted in a finding in favor of ap-

pellees, on which a judgment was rendered against appellant, enjoining him from interfering with appellees in the completion of said heating system in the manner specified therein, and for the sum of $200 as damages. Appellant filed a motion for a new trial, which was overruled, and this appeal followed, based on the two adverse rulings stated.

Appellees have filed a verified special answer to appellant's assignment of errors, in which they have attempted to show that only a moot question is 1-3. involved in this appeal. They contend that since appellant has not made any point in his brief on the question of the damages adjudged, and since the heating system was completed after the rendition of the judgment and before this appeal was perfected, and appellant is now prosecuting an action for damages, based on alleged negligence in its operation, all as stated in their special answer, that only the question of their right to the equitable relief sought and adjudged remains, and that has become moot. We cannot concur in this contention for the following reasons: It appears that appellees are in error in stating that appellant has failed to present any question as to the damages adjudged, as the second proposition or point stated in his brief is directed to the sufficiency of the evidence to sustain the decision of the court, and is broad enough to cover not only the equitable relief granted, but the right to recover damages as well. The matter of appellees' right to recover damages, being independent of their right to equitable relief, presents a question for our determination, which cannot be said to be moot. *Miller* v. *Gates* (1916), 62 Ind. App. 37. It also appears that one of the controlling questions involved in this cause relates to the extent of appellees' license to enter the premises held by appellant under his lease, and construct a portion of their heating system

therein.   If such license was exceeded, appellant would
have a right of action for trespass, and hence the extent
of such license is still a vital question to the parties,
notwithstanding the heating system may have been com-
pleted as alleged.   The judgment in this appeal stands
as a determination that appellees did not exceed their
license, and as a bar to any action by appellant against
them in which such fact would be involved.   It follows
that the question of appellees' right to the equitable
relief adjudged  is not  moot.   *Kaufman* v. *Mastin*
(1908), 66 W. Va. 99, 66 S. E. 92, 25 L. R. A. (N. S.)
855; *Postal, etc., Co.* v. *City of Montgomery* (1915), 193
Ala. 234, 69 So. 428, Ann. Cas. 1918B 554.

This court, in a comparatively recent case has stated
the law respecting a parol license to use the land of
another, to be as follows:    "It is well settled, on
the grounds of equitable estoppel, that a parol
license to use the lands of another is revocable at
the pleasure of the licensor, unless the license has been
given for a valuable consideration or money has been
expended on the faith that it was to be perpetual or
continuous.   When a license has been executed by an
expenditure of money, or has been given on a consid-
eration paid, it is either irrevocable altogether or can-
not be revoked without remuneration, the reason being
that to permit a revocation without placing the other
party in *statu quo* would be fraudulent and unconscion-
able."   *Chamberlin* v. *Myers* (1918), 68 Ind. App. 342.
And, in an earlier case, it held that equity will interfere
to prevent irreparable injury through the revocation of
an executed parol license.   *Dodge* v. *Johnson* (1903),
32 Ind. App. 471.   In view of these decisions, and the
numerous cases cited in support thereof, we are of the
opinion that the court did not err in overruling the de-
murrer to the complaint, as it sufficiently shows a parol
license, the expenditure of a large sum of money on the

faith that it was to be continuous, and an attempted revocation under circumstances that, if permitted, would result in irreparable injury.

Appellant contends that the decision of the court is not sustained by the evidence. It was admitted in the oral argument of this cause that appellant granted appellees a parol license to enter that part of the premises held by him under his lease, and to install therein certain parts of a steam heating system for use in furnishing heat to the upper stories of the building in question, and the record justifies such an admission. The undisputed evidence shows that appellees, in reliance on said license and its continuance, and prior to the time appellant stopped the work on said system, had expended a very substantial sum of money, and had become liable for a further sum, in the installation of said system, the major portion of which had already been completed, and included four risers through the ground floor room held by appellant under his lease. It is contended, however, that appellees, in placing more than one riser through said ground floor room, had exceeded the license granted, and were threatening to further exceed the same, by placing three other risers therein. This presented a question of fact, which the court determined against appellant, and which we may not disturb under the state of the evidence. True, there is some evidence that at the time such license was granted, appellant limited the number of risers that should be placed in his ground floor room to one, but there is also substantial evidence that such license was not so limited, among which is the following: After appellant had stopped the work, appellee, Goethe Link, who is a doctor, called on him to ascertain why he had interfered, and learned that he was objecting to the number of pipes that were being installed in his said room. In this conversation, which

was the first had between the parties after the work had been stopped, appellee stated that he would see the engineer, and if the heat could be run through his room in one pipe, he would have the system constructed in that way. Later said appellee saw appellant again with reference to the matter, when the following conversation took place: Appellee: "I find from consultation with my engineer, that the steam cannot be put through only one pipe, that it had to go up through a number of pipes, and I will have them buried in the wall." Appellant: "No, that won't do." Appellee: "Well, what now—what do you want now?" Appellant: "I want ten years more lease at $100 a month." Appellee: "I thought so and there is nothing doing." In this connection, appellee was asked the following question, "Well, doctor, up to the time when you had that first conversation which you have mentioned, had there ever been anything said in any conversation about the radiation going through one hole?" and he answered, "Absolutely nothing." Taking the evidence as a whole, in connection with the legitimate inference to which the facts established thereby are susceptible, we cannot say that the trial court was not warranted in its finding as to the limitation of the license in the particular for which appellant now contends.

Since appellant has not directed any proposition or point to his alleged reason for a new trial that the damages assessed are *excessive,* and we find no 6. sufficient reason for holding that the decision of the court is contrary to law, we conclude that the court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.