STOWERS et al. v. BARNDOLLAR & CROSBIE, Inc.

No. 30744. Nov. 23, 1943.

*143 P. 2d 797.*

H. L. Smith and F. C. Swindell, both of Tulsa, for plaintiffs in error.

Thompson & Braly, of Ada, for defendant in error.

BAYLESS, J. George Stowers and Jackson Materials Company, a corporation, appeal from a judgment of the district court of Pontotoc county granting a permanent injunction to Barndollar & Crosbie, Inc., a corporation. Stowers was the agent of his codefendant. The plaintiff below will be referred to herein as Barndollar and the defendants below as Jackson.

This litigation arises out of transactions had under a written contract entered into between Barndollar and Jackson on April 5, 1940. Jackson was the owner of certain machinery useful in the quarrying and crushing of stone and similar materials. Barndollar was the owner of certain real estate, or a lease thereon in Pontotoc county, Okla., from which rock asphalt could be quarried by a stripping process. On the date above specified these parties entered into the contract the purpose of which was that Barndollar leased to Jackson the real estate mentioned and Jackson agreed to move with Barndollar's help, the machinery to this real estate and to produce rock asphalt therefrom, crushed to a specified size, with the use of his machinery, and to deliver the same to the mill of Barndollar. Jackson began deliveries about July 5, 1940, and from this date until about September 26th, when Jackson made its last delivery, there was a constant controversy between the parties concerning the manner in which the contract was being fulfilled. At that time Jackson ceased any efforts to furnish Barndollar further rock asphalt. Sometime in November, Barndollar went to the lease and notified Jackson's agent, Stowers, that it was taking over under the terms of the contract, reading in part as follows:

"If said second party shall neglect or refuse to comply with the terms and conditions of the aforesaid lease insofar as the manner and type of mining operations are concerned, then first party shall have the right to enter upon said premises and to conduct said mining operations on its own account"

—and thereafter Barndollar excluded Jackson and its agents from the management, control, and operation of the lease, the personal property and the mining operations. Sometime in January, 1941, Jackson's agents were attempting to regain possession, or perhaps had resisted Barndollar throughout, and Barndollar filed an action in the district court of Pontotoc county seeking to enjoin Jackson and its agents from interfering in its possession and operation of the lease during the term of the lease, said lease expiring October 31, 1942. As stated above, Barndollar was successful in obtaining injunctive relief, and this appeal resulted.

We are of the opinion that the issue presented on this appeal is moot. The contract terminated according to its own terms at midnight October 31, 1942, and the permanent injunction granted was limited to October 31, 1942. Since this date has passed, it is obvious that Barn-

dollar can no longer claim the right of possession and control and operation subsequent to that date, and the injunction granted would offer no protection subsequent to that date.

We have given considerable attention to the issue presented and it is impracticable to decide such issue without deciding some issues of fact and law that must be decided between these parties in other litigations to which they allude in the record. It would be necessary to limit what we said in determining this issue in relation to the granting of the permanent injunction to serve the purpose of the decision thereon, and it seems to us that it is the better policy to treat this issue as moot and relegate the parties to their remedies in the actions that are pending or may be filed between them under the rule announced in Santa Anna Gas Co. v. Coleman Gas & Oil Co., 61 Fed. 2d 975, and in Riley v. Commissioner's Court (Tex. Civ. App.) 12 S.W. 2d 1072. In this last case, rival claimants to the possession and control of a hospital had resorted to equity for injunctive relief for the purpose of effecting their conflicting claims, and the loser appealed from the perpetuation of an injunction. The Court of Civil Appeals held that since the two-year period of time during which both claimed the right to possess and control had expired, no useful purpose would be served in determining the correctness of the granting of the injunction. The converse of this rule is well illustrated in the case of Beard v. Link, 81 Ind. App. 293, 141 N. E. 792, where it was impracticable to dismiss the appeal from the injunctive feature of the case without prejudicing or leaving undetermined issues of fact that affected other issues.

We therefore dismiss the present appeal from the order granting the permanent injunction with respect to the right of possession and control for the period of time designated under the contract and remand the matter to the lower court. This is done without treating as adjudicated or in any wise a prejudice to the determination of any and all issues that have arisen or may arise between these parties in any civil action involving their property or contract rights; and the cost of this appeal is divided between the parties.

CORN, C. J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.