BURTON v. FIGG ET AL.

[No. 2,304. Filed October 26, 1897.]

PRACTICE.—*Exclusion of Evidence to Prove Admitted Fact.—Harmless Error.*—The exclusion of evidence offered in support of a proposition is harmless, where, in the presence of the jury, the opposing counsel admit the truth of the proposition so sought to be proved. p. 287.

INSTRUCTIONS.—*Pleading and Proof.*—While the evidence must correspond with the pleading, yet if there may be a recovery upon proof of some of the allegations without evidence sustaining others, the proof of all the averments should not be required in the instructions to the jury. p. 288.

Burton *v.* Figg *et al.*

From the Owen Circuit Court.   *Reversed.*

*I. H. Fowler* and *T. G. Spangler*, for appellant.

*Willis Hickam, David E. Beem* and *Joseph W. Williams,* for appellees.

BLACK, J.—The overruling of appellant's motion for a new trial is alone assigned as error.   The appellant, Mary E. Burton, sued the appellees, John S. Figg and William L. Gentry, alleging in the complaint, in substance, that the appellant was the owner of a large number of hogs, which she kept on her farm near the town of Freedom, Indiana; that the appellees, on or about the 17th of August, 1894, bought at the market at Indianapolis a large number of hogs, in partnership, or separately and severally, and handled them together as and like partnership property, and shipped them to Freedom; that the hogs so bought and shipped were diseased and infected with the hog cholera, and some of them were in a dangerous and dying condition with said disease, and many of them unable to travel even a very short distance by reason of said disease, when they arrived at the town of Freedom; that one David M. Burton, husband and agent of the appellant, seeing said hogs upon their arrival at Freedom, and knowing by their appearance that they were infected with said disease, for and on behalf of the appellant, as her agent, told and notified the appellees that said hogs were so infected, and not to weigh them on his, said David M. Burton's scales, which were situated on appellant's said farm; that the appellees, well knowing the appellant's hogs were kept on said farm and at or near said scales, and well knowing said diseased condition of said hogs of the appellees, and that said disease was contagious, dangerous, and deadly, wholly disregarded the request and demand of said Burton

not to weigh said hogs on said scales, but immediately drove and hauled said diseased hogs to said scales, and at said scales weighed said diseased hogs, and then and there and thereby mixed and turned together in one mass said diseased hogs and the appellant's hogs, which were then, there and thereabouts, and in a healthy and thriving condition; "and by reason of defendants' so weighing said hogs at said scales, and intermingling them with plaintiff's hogs, as aforesaid, plaintiff's hogs became and were inoculated with said dangerous, infectious, and contagious disease of and from the said hogs of the defendants, and by reason of which said hogs of the plaintiff became sick and diseased, and from and by reason of which said hogs of the plaintiff died; that the defendants, well knowing the diseased condition of said hogs, bought by them as aforesaid, and that said disease was a dangerous, deadly, infectious, and contagious disease, negligently, carelessly, willfully, and unlawfully spread said disease among plaintiff's hogs, as aforesaid, and all without the fault or negligence of the plaintiff, or any one acting for the plaintiff; that by reason of said disease of plaintiffs' hogs, contracted as aforesaid, plaintiff was compelled to, and did spend $15.00 for medicine and drugs to cure and heal said hogs so made sick," etc., the damages being set forth at length. "All the above to the plaintiff's damage in the sum of $500.00, and all by reason of the negligence of defendants, as aforesaid, and without fault or negligence on part of plaintiff. Wherefore," etc.

It is not clearly apparent upon what theory the pleader intended to base this complaint. In the concluding portions of the pleading, it seems to have been sought to restrict it to a complaint for damages for communicating the disease to appellant's hogs through the negligence of the appellees. In the course

Burton *v.* Figg *et al.*

of the introduction of the evidence, the complaint was treated by the court below as one proceeding upon the theory of negligence.

The trial of the issues formed by separate denials of the appellees, resulted in a verdict in their favor.

In discussing the action of the court in overruling the motion for a new trial, it is claimed by counsel for the appellant that the court erred in sustaining an objection to a question whereby a witness was asked, "What hogs in that community had the cholera after" the hogs of the appellees in question "were brought there?" The only apparent reason, and the only one suggested at the trial, for asking this question was to seek proof that the hogs so brought into the neighborhood had cholera. The court sustained the objection for the reason, as stated at the time by the court, that counsel for the appellees, having stated on the trial that they did not propose to controvert the claim that the hogs were diseased, this left the question as to negligence the only uncontroverted one on trial. From the discussion before the trial court, as shown by the record, the court was authorized to so construe the statements of counsel. Indeed, in the brief for the appellant, it is stated that it was admitted by counsel for the appellees that the hogs had cholera, and parts of the record are indicated in the brief as supporting this statement. It could not harm the appellant to deny her the privilege of introducing testimony in support of a proposition so admitted by counsel on the trial, the testimony being excluded for such reason in the presence of the jury. Without considering whether for any other reason the offered evidence was inadmissible, we find no error in its exclusion for the reason assigned by the trial court.

In its instructions to the jury, the court stated, that, to entitle the appellant to recover, she must prove

by a preponderance of the evidence that the appellees were notified by the appellant or her agent that the hogs in question were infected with cholera, and ordered not to weigh them on scales then on the appellant's farm; also, that the appellees, disregarding appellant's demand, drove the hogs to said scales and weighed them, etc.

There was a conflict in the evidence upon the question whether or not the appellees were ordered not to weigh the hogs on the scales upon the appellant's farm, and whether or not in driving them thither and weighing them there they disregarded appellant's demand.

There was a confusing intermingling of allegations in the complaint, by some of which it was apparently intended to charge a willful injury, while by others there seems to have been a sufficient charge of injury through negligence such as might be sustained without the proof so required in this instruction.

It seems to us to have been a harmful error to deny the right of the plaintiff to recover without proof of an order prohibiting the bringing of the hogs to the scales upon the appellant's farm, and of the bringing and weighing them there in disregard of such order.

While the evidence must correspond with the pleadings, yet if there may be a recovery upon proof of some of the allegations without evidence sustaining others, the proof of all the averments should not be required in the instruction to the jury.

Other questions arising upon the introduction of the evidence and in relation to the instructions are discussed by counsel, which may not arise upon another trial.

The judgment is reversed, and the cause is remanded for a new trial.