## LATHROP, ADMINISTRATRIX, *v.* FRANK BIRD TRANSFER COMPANY.

[No. 11,763. Filed March 14, 1924. Rehearing denied June 11, 1924.]

1. NEGLIGENCE.—*Complaint, Several Acts of Negligence.—Instruction as to Proof Necessary.*—In an action for the death of plaintiff's decedent charged to have resulted from the negligence of defendant, where the complaint charged several different acts of negligence, any one of which would have constituted a cause of action in favor of plaintiff, an instruction requiring plaintiff to prove all the material allegations of the complaint was erroneous. p. 552.

2. TRIAL.—*Instructions.—Tending to Confuse the Jury.*—In an action for the death of plaintiff's decedent, injured by being struck by defendant's automobile while driven by its employee, where the undisputed evidence showed that the employee was engaged in defendant's business at the time of the accident, instructions that if, at the time of the injury, the employee was not engaged in the business of the defendant, but was

carrying out some purpose of his own, or doing something not connected with his employment, should not have been given, for the reason that they could only tend to confuse the jury. p. 552.

3. TRIAL.—*Instruction.—Negligence of Defendant.—Right of Recovery.*—In an action for death of plaintiff's decedent charged to have resulted from the negligence of defendant, an instruction that the negligence charged was not to be presumed from the mere happening of the accident and consequent injury to deceased as a result thereof, but that, in order to recover, the evidence must establish by a fair preponderance that the accident was one which, in the exercise of reasonable care and foresight, defendant ought to have anticipated and prevented, was properly given. p. 553.

4. TRIAL.—*Instruction.—"Last Clear Chance" Not Mentioned.— Duty to Tender Instruction Covering That Issue.*—In an action for the death of plaintiff's decedent, injured by being struck by defendant's automobile, there was no error in giving an instruction on the subject of negligence which was correct as far as it went, but which did not mention the doctrine of "last clear chance," but, if the plaintiff believed that such question was presented by the evidence, it was her duty to prepare and tender an instruction covering that issue. p. 553.

5. TRIAL.—*Negligence.—Instructions.—Omission of Doctrine of "Last Clear Chance."*—In an action based on negligence of the defendant, instructions on that subject which were otherwise correct were not erroneous merely because they did not instruct the jury on the doctrine of "last clear chance," but it would be the duty of the objecting party to prepare and tender an instruction properly instructing the jury on that subject. p. 554.

6. APPEAL.—*Briefs.—Points and Authorities.—Questions Presented.—Instructions.*—A statement in appellant's brief, under the heading "Points and Authorities", that the instructions tendered by appellant "stated the law and should have been given" was insufficient to present any question as to said instructions. p. 554.

From Marion Superior Court (A16,839); *James M. Leathers,* Judge.

Action by Maisie Lathrop, as administratrix of the estate of Elmer E. Lathrop, against the Frank Bird Transfer Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Spahr & Klee, W. F. Elliott* and *Byron K. Elliott,* for appellant.

*Turner, Adams, Merrell & Locke* and *Jones, Hammond & Jones,* for appellee.

NICHOLS, J.—Action by appellant against appellee for damages for the death of her husband.

It is averred in the complaint that appellant's decedent was injured by being struck by appellee's automobile as a result of the negligence of appellee's employee in the operation of the same, which injury resulted in his death. The accident occurred near the intersection of Monument Circle with Meridian Street and in front of the English Hotel, Indianapolis.

There are three separate acts of negligence charged against appellee, to wit: (1) Operating an automobile at an unlawful rate of speed, to wit, thirty miles per hour at the time and place of the accident; (2) failing to slow down after he saw the decedent and saw that the accident would occur unless he did so; (3) operating his automobile without having it equipped with sufficient brakes in good working order. The complaint averred that each of the acts of negligence on the part of appellee separately and severally was the sole and proximate cause of the injury and death of decedent. There was a demand for $10,000. damages.

To this complaint, there was an answer in denial, trial by jury and verdict for appellee, upon which judgment was rendered.

The error assigned in this court is the action of the court in overruling appellant's motion for a new trial, under which she presents error in giving certain instructions and in refusing to give certain instructions tendered by her.

Appellee contends that the instructions are not properly in the record. But we hold that there was a substantial compliance with the statute in this regard as

to the instructions given. Nothing can be gained by a discussion of this question.

Instruction No. 3 informed the jury that "In order to entitle plaintiff (appellant) to recover she must prove by a fair preponderance of the evidence all of the material allegations of the complaint." This was error. There were several different acts of negligence charged in the complaint any one of which, had it proximately caused the injury and death of the decedent, would have been sufficient as a matter of law to entitle appellant to recover, in the absence of contributory negligence of her decedent, and she was not required to prove all of them. *National, etc., Vehicle Co.* v. *Kellum* (1915), 184 Ind. 457; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143, 149, 73 N. E. 91; *Cleveland, etc., R. Co.* v. *Klee* (1900), 154 Ind. 430, 56 N. E. 234; *Standard Oil Co.* v. *Bowker* (1895), 41 Ind. 12, 40 N. E. 128; *Pittsburgh, etc., R. Co.* v. *Broderick* (1913), 56 Ind. App. 58, 71, 102 N. E. 887; *Lake Shore, etc., R. Co.* v. *Myers* (1912), 52 Ind. App. 59, 98 N. E. 564, 100 N. E. 313; *Diamond Block Coal Co.* v. *Edmonson* (1896), 14 Ind. App. 592, 43 N. E. 242; *Burton* v. *Figg* (1897), 18 Ind. App. 284, 47 N. E. 1081.

Instruction No. 8 informed the jury that if the appellee's employee who was operating the automobile was not at the time of the alleged injury engaged in the business of his employer but was carrying into effect some purpose of his own or doing something not connected with his employment, then appellee was not liable for such injury, however negligent or careless the employee might have been. Instruction No. 19 was to the same effect. Answers to interrogatories submitted before trial to appellee and the undisputed evidence showed that appellee's employee was returning from the delivery of a passenger and was returning to his stand at the Union Station. It is

undisputed that the employee was engaged in the business of his employer at the time of the accident. These instructions could only tend to confuse the jury and should not have been given.

Instruction No. 10 informed the jury that the negligence charged was not to be presumed from the mere happening of the accident and consequent injury to deceased as a result thereof, but that, in order to recover, the evidence must sufficiently establish by a fair preponderance that the accident was one which, in the exercise of reasonable care and foresight, appellee ought to have anticipated and prevented. There was no error in giving this instruction. *Indianapolis, etc., Traction Co.* v. *Roach* (1922), 192 Ind. 384, 135 N. E. 334; *Wabash, etc., R. Co.* v. *Locke, Admr.* (1887), 112 Ind. 404, 14 N. E. 391, 2 Am. St. 193.

Appellant complains of instruction No. 11, which informed the jury that if it should find that both the decedent and appellee by their negligence materially and proximately contributed to the injury, from which death resulted, it could not find for appellant. This is a correct statement of the law so far as the court intended the instruction to express it. Appellant's complaint of the instruction is that it ignores the doctrine of last clear chance which she says was involved. We do not determine as to whether such question was presented by the evidence, but if appellant so believed, it was her right to tender an instruction covering that issue. We note, however, that instruction No. 15, after informing the jury that a person crossing the street has a right to assume that a person driving a vehicle therein will use ordinary and reasonable care to avoid injuring him, and that a driver of a vehicle also has a right to assume that the pedestrian will use reasonable and ordinary care to avoid being injured, then states that either of the parties, whether

pedestrian or driver of a vehicle, has a right to rely upon such presumption until it becomes apparent that the other is not aware of the danger that exists, and whenever such fact becomes apparent, if it does so appear, then such party is required to exercise ordinary care commensurate with such fact. If appellant desired a more definite statement of the law as to the doctrine of last clear chance, she should have tendered an instruction more fully covering the question.

Appellant's objections to instructions Nos. 12, 13 and 14 cannot prevail. These instructions are correct statements of the law, and the fact that they do not 5. embrace the doctrine of last clear chance does not make them erroneous.

We find no error in giving instruction No. 18.

We do not need to determine whether the instructions tendered by appellant and refused by the court are in the record, for even if they are in the record, 6. appellant's statement in her points and authorities with reference to those which she undertakes to present that they state the law and should have been given, with no other statement, is insufficient to present any question for our consideration. *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 130 N. E. 541.

For the errors above mentioned, the judgment is reversed, with instructions to grant a new trial.