NESBITT *v.* MILLER.

[No. 14,487.   Filed February 2, 1934.]

*Padgett & Rogers, William M. Alsap,* and *Thomas B. Coulter,* for appellant.

*Ramsey & Grayson* and *Allen, Hastings & Allen,* for appellee.

BRIDWELL, P. J.—Appellee instituted this action against appellant to recover a money judgment for services rendered to appellant by one William A. Miller, deceased, pursuant to a certain contract entered into by said deceased and appellant on January 11, 1917. Such further proceedings were had in the court below that the cause was submitted for trial to a jury upon issues closed by an answer in general denial to the fifth and sixth paragraphs of an amended complaint, and an answer in general denial by appellee to a cross-complaint filed by appellant. Prior to the closing of the issues, and in due course, appellant filed his demurrer to each of said paragraphs of complaint which was

overruled and appellant excepted to the ruling as to each paragraph. Appellant thereafter filed an answer in three paragraphs to each of said paragraphs of complaint, the first of said paragraphs of answer being a general denial. Appellee filed motion to strike out the second and third paragraphs of said answer which motion was sustained and appellant excepted. The jury returned its verdict in favor of appellee upon her fifth paragraph of amended complaint, in the sum of $5,000. A motion for a new trial was filed and overruled to which ruling appellant excepted. Judgment was rendered on the verdict and this appeal perfected. Appellant assigns the following alleged errors upon which he relies for reversal, to wit: (1) The overruling of his demurrer to the fifth paragraph of amended complaint; (2) the overruling of his demurrer to the sixth paragraph of amended complaint; (3) the sustaining of appellee's motion to strike out the second paragraph of appellant's answer to the fifth and sixth paragraphs of amended complaint; (4) the sustaining of appellee's motion to strike out the third paragraph of appellant's answer to the fifth and sixth paragraphs of amended complaint; (5) the overruling of appellant's motion for a new trial.

The fifth paragraph of amended complaint, omitting the caption and signature of counsel, is as follows: "The plaintiff in the above-entitled cause, for a further and fifth paragraph of amended complaint herein, complains of the above-named defendant and says:

"The plaintiff is now the duly qualified and acting executrix of the last will and testament of one William A. Miller, late of Knox County, Indiana, now deceased.

"That on the 11th day of January, 1917, the said William A. Miller, then in full life, and the defendant entered into a written contract, which written contract is as follows:

'Jan. 11, 1917.

'Wm. A. Miller,
  Vincennes, Indiana.

'Dear Sir:

'Regarding the peach orchard which I contemplate putting out on my farm on the Monroe City Gravel Road, I hereby agree to give you one-half of the one crop, you select the crop from which you will participate.

'In consideration for the above, you are to look after and superintend the planting, the replanting, fertilizing, cultivating,. spraying, trimming, digging out the bowers, securing of labor and marketing until such time as the crop you will participate in has all been sold.

'It is understood and agreed that I am to pay all the expense, except for your time and attention, no part which, either for time spent by you or transportation for you, is to be borne by me.

Very truly,

B. F. NESBIT.

Approved, W. A. Miller.'

"That from the 11th day of January, 1917, until the 12th day of February, 1921, the said William A. Miller duly, fully and faithfully performed all of his part of said contract to be by him performed and all of his duties thereunder. That the said William A. Miller died on the 12th day of February, 1921, at which time it became impossible for him thereafter to perform his part of said contract by reason of his death.

"That the said services rendered by said William A. Miller to the defendant under said written contract were received and accepted by the defendant and were of the value of five thousand dollars to the defendant.

"That the said William A. Miller, nor this plaintiff, have not been paid or in any way compensated for the services so rendered by said William A. Miller to the defendant as aforesaid.

"That there has been long and unreasonable delay in payment for said services, for which plaintiff is entitled

to recover interest thereon at the rate of 6 per cent per annum.

"Wherefore, plaintiff demands judgment for seven thousand dollars and for all other proper relief in the premises."

The cause for demurrer alleged therein is that said paragraph of complaint does not state facts sufficient to constitute a cause of action.

Appellant contends that by this paragraph of complaint appellee seeks to recover upon the contract made between the decedent and the appellant; that said contract is one of a strictly personal nature involving particular skill and ability; that it is an entire and indivisible contract, and no right of recovery exists when there is only a partial performance even though death, or some other cause beyond the control of the promisor, and not due to his fault, prevents complete performance on his part. Authorities are cited which support the contention made, and appellant asserts that since this paragraph alleges that the contract was not fully performed, no cause of action is stated.

The paragraph of complaint under consideration, however, is not a suit upon the contract made between appellant and the deceased. By this paragraph appellee seeks to recover the value to appellant, of the services rendered by the said William A. Miller because of the contract, which services she alleges were received and accepted by appellant and were of the value of $5,000 to him.

We agree that the contract involved here required of the deceased his personal supervision in bringing about the result contemplated by the parties when the contract was made. It is a special entire contract and it is apparent that it was the intention of the parties thereto that William A. Miller was to

receive nothing for himself until such time as a peach orchard, bearing fruit, resulted from the joint enterprise upon which he and appellant entered for their mutual gain. However, as was said in the case of *Parker* v. *Macomber,* hereinafter cited, "it is not just that one party should benefit by the labor of another and make no return, when the event which ends the service happens without fault of either party, and is not expressly or impliedly insured against in the agreement which induced the labor." No action will lie on the contract, because it has not been completely performed, but the party who has benefited by the labor of another, is responsible on an implied promise, arising from the circumstances, to the extent of the net value received by him, not exceeding, in any event, the compensation fixed by the contract. The court did not err in overruling the demurrer to the fifth paragraph of amended complaint. *Coe* v. *Smith* (1853), 4 Ind. 79; *Williams* v. *Butler* (1914), 58 Ind. App. 47, 105 N. E. 387; *Parker* v. *Macomber* (1893), 17 R. I. 674, 24 Atl. 464, 16 L. R. A. 858; *Wolfe* v. *Howes* (1859), 20 N. Y. 197, 75 App. Div. 388; *Buccini* v. *Paterno Construction Co.* (1930), 253 N. Y. 256, 170 N. E. 910.

By the sixth paragraph of her amended complaint appellee seeks to recover under the terms of the contract made between her decedent and appellant (hereinbefore set forth in the fifth paragraph) and an alleged subsequent parol contract between appellee and appellant that appellant should perform the duties required of the deceased by the original contract, until appellee should select a crop of peaches produced on said orchard in which she, as executrix, would participate and that appellant would receive $500 per annum for such service, the same to be deducted and paid from the proceeds of the one-half of the one crop

of peaches designated by appellee as the crop in which she would share.

We deem it unnecessary to set forth herein this paragraph of complaint. It is based on the theory that the death of William A. Miller did not terminate the original contract and that a duty rested upon appellee, as executrix, to complete its performance, and further that she, as executrix, was authorized to enter into the parol contract alleged. No cause of action can be predicated upon this theory. The contract being one which required of the said William A. Miller his personal supervision of the work to be done thereunder, the effect of his death was to terminate the duty of going forward with performance, but to leave appellant liable for such benefits as he received. The demurrer to this paragraph should have been sustained. (See authorities previously cited.) The record in this case, however, affirmatively shows that the verdict was returned upon the fifth paragraph of amended complaint, and the judgment rendered upon this verdict. This being true the erroneous ruling does not constitute reversible error. *Luckett* v. *Hammond* (1919), 188 Ind. 484, 124 N. E. 675; *City of Rochester* v. *Campbell* (1916), 184 Ind. 421, 111 N. E. 420; *Donner* v. *Griffith* (1919), 71 Ind. App. 693, 122 N. E. 23.

The third and fourth errors relied upon for reversal question the action of the court in sustaining appellee's motion to strike out the second and third paragraphs of answer to the fifth and sixth paragraphs of amended complaint. We have carefully read each of these answers and have reached the conclusion that no good purpose would be served by setting them out here. An answer of general denial remained on file, and all evidence admissible under either paragraph of answer was provable under the general denial. While it is true that a motion to strike out

is not a proper method of testing the sufficiency of a pleading, for the reason that if sustained it deprives the pleader of an opportunity to amend, it is equally well settled that where an affirmative paragraph of answer amounts only to a general denial, which is already pleaded, the court may, on motion, strike out such answer and such action is not available error. *Weideroder* v. *Mace* (1916), 184 Ind. 242, 111 N. E. 5; *Wabash Ry. Co.* v. *Toddy* (1917), 186 Ind. 72, 113 N. E. 997.

The remaining error assigned is the overruling of appellant's motion for a new trial. The causes stated in the motion, upon which appellant predicates error, that are discussed under "Points and Authorities" in appellant's brief, are: That the verdict of the jury is not sustained by sufficient evidence; that such verdict is contrary to law; error in giving to the jury each of certain instructions; error in the admission of certain evidence and in the exclusion of certain offered testimony.

Among the material allegations of the fifth paragraph of the amended complaint is one alleging that the services rendered by the deceased under the contract involved were received and accepted by appellant, and were of the value of $5,000 to him. One of the main questions presented by the record is as to whether there is any evidence to prove this material allegation. That appellant rendered service pursuant to said contract from the time of its execution until his death, at such times as his services were needed and required, is proven, but a careful examination of the evidence fails to disclose any testimony from which the jury could determine the amount of benefits received by appellant as the results of the services rendered and accepted. While there is evidence as to the value of the crop of peaches produced in the year 1920, it is apparent that many things, other than the labor of the deceased, contributed towards the

production of this crop, and it cannot be held that the amount received by appellant from the sale of said crop was a benefit received by him resulting from the performance of the contract by the deceased, until his death. To hold that appellee is entitled to recover one-half of the amount for which this crop of peaches sold, the theory upon which appellee seeks to sustain the verdict, would permit a recovery upon a theory inconsistent with that pleaded in the paragraph of complaint upon which the verdict was returned. That one must recover upon the theory of his complaint, or not at all, is too well settled to require the citation of authorities.

Appellant also contends that the court erred in instructing the jury, and insists that instruction number four is erroneous. This particular instruction relates to appellant's right of recovery on his cross-complaint. The cross-complaint contains numerous allegations of various mistakes and errors on the part of the deceased in performing the work to be done by him pursuant to said contract. The instruction advised the jury that before the appellant could recover on his cross-complaint that he must prove *each and all* of its material allegations, and further that if cross-complainant is entitled to recover on the issues joined on his cross-complaint, then the amount of recovery is fixed and determined by the damages suffered, resulting from the alleged *mistakes* and *errors* of William A. Miller as alleged in the cross-complaint. From the instruction given, the jury might reasonably conclude that even though appellant had proven one or more of the alleged mistakes or errors in the doing of the work required to be done, yet there could be no recovery unless appellant had proven *all* mistakes and errors alleged. Each charge of an alleged mistake or error is complete within itself, and, where this is true, proof of all charges is not required in order that there

may be a recovery. In the case of *Burton* v. *Figg* (1897), 18 Ind. App. 284, 47 N. E. 1081, this court said: "While the evidence must correspond with the pleadings, yet if there may be a recovery upon proof of some of the allegations without evidence sustaining others, the proof of all the averments should not be required in the instruction to the jury." See also: *Lathrop, Admx.* v. *Frank Bird, etc., Co.* (1924), 81 Ind. App. 549, 142 N. E. 868; *National, etc., Vehicle Co.* v. *Kellum* (1916), 184 Ind. 457, 109 N. E. 196.

Having reached the conclusion that the verdict of the jury is not sustained by sufficient evidence, and that the court erred in giving instruction number four to the jury, we hold that the court erred in overruling appellant's motion for a new trial.

Other alleged errors are presented but, in view of the decision reached they need not be considered, as they are of such character that it is not probable that the same questions will arise upon any retrial of this cause.

Judgment reversed with instructions to sustain appellant's demurrer to the sixth paragraph of amended complaint and to sustain the motion for a new trial.