**KINTNER, Plaintiff-Appellant, v KINTNER, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3820. Decided, January 22, 1946.

W. S. Pealer and D. Curtis Reed, Columbus, for Plaintiff-Appellant.

Roscoe R. Walcutt, Columbus, Kenneth Little, Columbus, for Defendant-Appellee.

## OPINION

By WISEMAN, J.

This matter comes before the Court on an appeal on law from the Common Pleas Court of Franklin County, Division of Domestic Relations.

The plaintiff-appellant claims error was committed in that the order entered by the Court of Domestic Relations was contrary to law.

First: Because it required the mother, plaintiff-appellant, to contribute to the support of the minor child without any finding that the husband was unable to provide said support;

Second: That the order constituted a reduction of permanent alimony contained in the separation agreement which was incorporated in the divorce decree; and

Third: That the order was against the manifest weight of the evidence.

That part of the order which forms the basis of the plaintiff-appellant's complaint is as follows:

"Second, that the plaintiff, Helen Marie Kintner shall contribute the sum of $10.00 per month from the effective date of this order toward the care, support, maintenance and education of said child, by paying said sum of $10.00 to the defendant through the Clerk of this Court to reimburse him for the full support of said child furnished by him. The payments to be made by the plaintiff to the defendant as soon as there may be an ability on her part to comply with this order.

"This court orders that said payments herein provided shall be effective and be made as of and from the first day of February, 1945."

The sole question for the Court to determine on all three assignments of error is whether or not the Court could properly make the order above set forth.

The record in this case shows that the plaintiff-appellant, the wife, and the defendant-appellee, the husband, were granted a divorce on March 11, 1939, and the separation agreement which had been entered into between the parties was approved and carried into the decree. The separation agreement which was ratified and confirmed by the Court in the decree provided that the defendant-appellee should pay to the plaintiff-appellant "the sum of $70.00 per month on the first day of each calendar month commencing April 1st, 1939, as permanent alimony and permanent child support as follows: $15.00 per month for the support of each child until the said child reaches the age of majority, namely 21 years, being a total amount at the present time in the amount of $45.00 per month, together with the sum of $25.00 per month as and for permanent alimony, said amount being payable during the lifetime of the plaintiff or until such time as plaintiff remarries."

The custody of said children was granted to the plaintiff-appellant.

Subsequently, to wit, on December 23, 1943, the custody of the second child was changed from the plaintiff-appellant to the defendant-appellee, and later, to wit, on June 9, 1944, the custody of the youngest child was changed from the plaintiff-appellant to the defendant-appellee. Later, on March 5, 1945, an order was entered placing the youngest child in a

private home and fixing the support charge at $10.00 per week. The order further provided that the plaintiff-appellant would be required to make a contribution to the support of this child at the rate of $3.00 per week, which amount should be deducted from the $25.00 per month permanent alimony provided in the divorce decree.

On April 7, 1945, the trial court "on its own motion" vacated its former order and set the case for hearing. Testimony was taken at said hearing, the record of which has been examined by this Court. The record shows that the defendant-appellee had ample funds and earning power to support his children and that the plaintiff-appellant had little or no income for the support of herself and lacked the necessary income for the support of her children. The Court rendered a written opinion in which it found as follows:

"Yet at this time I cannot find an ability to support on her part or contribute to the support, based on the fact that she only has an income of $25.00."

However, the Court under date of August 21, 1945, made the order requiring the plaintiff-appellant to pay $10.00 per month to the defendant-appellee to reimburse him for the full support of said child.

Did the Court commit reversible error? **Sec. 7997 GC,** provides as follows:

"The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able."

By reason of the provisions of §7997 **GC,** the husband is primarily liable for the support of his minor children. The liability of the wife is secondary to that of the husband. Before the Court can require the wife to support the minor children it must first find that the husband is unable to do so. In the instant case the testimony shows, and the Court so found, that the husband was able to support the child in question and also found that the wife had little or no income except that contributed by the husband as permanent alimony in the amount of $25.00 per month.

The trial court rested its order on the provisions of §8032 GC, which are as follows:

"When husband and wife are living separate and apart from each other, or are divorced and the question as to the care, custody and control of the offspring of their marriage is brought before a court of competent jurisdiction in this state, they shall stand upon an equality as to the care, custody and control of such offspring, so far as it relates to their being either father or mother thereof."

■ We are of the opinion that the provision of §8032 GC, which seeks to place the father and mother on the basis of equality with respect to the care, custody and control of their offspring, does not relieve a father of his primary obligation to support his minor children as provided by §7997, GC. We are of the opinion that the provision of §8032 GC places the father and the mother on the basis of equality with respect to their relationship to their offspring, but as between the father and the mother, the father still carries the primary obligation of support. See Quigley v. Murphy, 4 N. P., 1; Young v. Young, 7 C. C. N. S., 419; Mieszkalski v Mieszkalski, 44 Oh Ap 152.

The plaintiff-appellant also contends that the trial court was without authority to require the plaintiff-appellant to contribute to the support of the minor child which contribution operated as a reduction of permanent alimony agreed to between the parties before the divorce and which agreement was ratified and confirmed in the divorce decree and made a part thereof. It is a well established principle of law in Ohio that a separation agreement which is made a part of the decree may be modified at a later date by increasing the amount specified for the support of the children in order that they may receive adequate support, but with respect to the rights between the parties themselves the provision made in the separation agreement with respect to permanent alimony and which was approved and ratified by the Court and made a part of its decree cannot thereafter be modified in the absence of fraud or mistake. Campbell v Campbell, 46 Oh Ap 197; Ferger v Ferger, 46 Oh Ap 558; Law v Law, 64 Oh St 369; Tullis v Tullis, 138 Oh St 187.

In Tullis v. Tullis, supra, the Court in discussing the effect of the separation agreement being made a part of the decree, on page 190 say:

"The contract of separation between the parties in this case was complete and final as between themselves and likewise final as to the support of their minor child so far as they could make it final under the law. The appellant had a legal right to make a contract with the appellee for her permanent support and for the support of their minor child. She had the right to make such contract for the support of the child, not only in its behalf but in her own behalf to protect herself against her secondary liability under the statute for the support of their child. The consideration for such contract was adequate and complete and the contract was mutually and permanently binding on both parties."

Again, on page 192, in discussing the authority of the trial court to increase rather than diminish the support allowance of the child the Court say:

"This Court has also held that even though such a contract has been made a part of the decree of divorce, yet because of the continuing jurisdiction of the court and because of the demands of public policy, the court may subsequently **increase** the support allowance for children if changed circumstances require it, since the parent cannot by his own contract relieve himself of the legal obligation to support his minor child."

Accordingly, this Court holds that it was within the province of the trial court to modify its former order with respect to the support allowance of the child, but it had no authority to modify the former order with respect to the rights already fixed between the plaintiff-appellant and the defendant-appellee regarding permanent alimony. Furthermore, this Court holds that the trial court was without authority to require the plaintiff-appellant to contribute to the support charge of the child. For this reason this Court holds that the trial court committed reversible error in making the order complained of. The case will be remanded to the trial court for further proceedings.

HORNBECK, PJ, and MILLER, J, concur.