KING *v.* KING ET AL.

[No. 17,778. Filed December 7, 1948. Transfer denied February 3, 1949.]

*C. James McLemore;* and *Symmes, Fleming &*
*Symmes,* all of Indianapolis, and *Richard T. Lineback*

and *Arthur C. Van Duyn,* both of Greenfield, for appellant.

*James A. Ross,* of Indianapolis; *Herbert C. Jones,* and *George R. Tolen,* both of Shelbyville; *Jonas P. Walker,* of Greenfield; and *Ross, McCord, Ice & Miller* (of counsel), of Indianapolis, for appellees.

HAMILTON, J.—On March 17, 1947, the Hancock Circuit Court granted a divorce to the appellee Kenneth King from his then wife Dorothy King, the appellant herein. The court's decree makes disposition of a considerable amount of property, belonging to the parties during marriage, in which the appellees Earl Strickler and the Farmers National Bank of Shelbyville were alleged to have some interest. The record discloses no controversy between the appellant and these appellees and, as they have filed no briefs, we assume that they are nominal parties to this appeal and therefore it will be understood that our use of the word "appellee" refers to Kenneth King only.

Feeling aggrieved by the decree the appellant filed what she designated a motion for a new trial in which she enumerates 12 specific grounds for relief. These specifications may be classified as follows: (1) the decision of the court is not sustained by sufficient evidence and is contrary to law; (2) the court erred in the admission and exclusion of various items of evidence; (3) the amount of the appellant's recovery is too small; and (4) that after the trial and before the decision of the court was announced, the reporter who took shorthand notes of the evidence died and no one has been found, after diligent effort, who can read said notes and therefore the appellant will be unable to procure a proper and accurate bill of exceptions containing the evidence for use on appeal. This so-called

motion for a new trial was overruled and such ruling is assigned as error.

The appellant's brief fails to state any proposition, point or authority in support of those specifications in her application for a new trial which we have classified above as (1), (2) and (3) and therefore we treat the same as waived. This leaves nothing for our consideration except the matter involving the court reporter's death and the alleged inability of the appellant to procure an accurate bill of exceptions containing the evidence for use on appeal. The appellee insists that such circumstances are not grounds upon which a motion for a new trial can be based and therefore nothing remains in the record for us to decide. It is true that our statute, specifying the grounds upon which new trials may be granted, (§ 2-2401, Burns' 1946 Replacement) provides no such relief, but it is settled law in Indiana that inherent jurisdiction reposes in trial courts to grant new trials beyond the statute and that a bill in equity will lie for that purpose when justice can be done in no other way. *Indianapolis Life Ins. Co.* v. *Lundquist* (1943), 222 Ind. 359, 53 N. E. 2d 338. Typical cases justifying equitable relief are those in which the sufficiency of the evidence to sustain the decision, or errors in the admission and exclusion of evidence, will be involved on appeal and, because of circumstances beyond the control of the party seeking relief, it is impossible to procure a bill of exceptions containing the evidence and consequently there is no way of making the evidence a part of the record. The right of appeal, based on any question depending upon the evidence for solution, is thus destroyed and a new trial affords the only adequate relief. See case notes in 13 A. L. R. 102, 16 A. L. R. 1158 and 107 A. L. R. 603.

·This principle was announced by the Supreme Court in *Indianapolis Life Ins. Co.* v. *Lundquist, supra,* in the following language: "Official court reporters are an arm of the court, charged with the duty of preserving a record of the evidence, and transcribing and certifying the record for use as a bill of exceptions, and it has long been the practice to rely upon the availability of such a record. Where the sufficiency of the evidence is in question, this record is as important as the record kept and certified by the clerk. A failure to make this record available is a failure of the court which entitles the appellant to equitable relief."

The appellee contends, however, that the appellant does not seek relief through an independent bill in equity but on the contrary sought to avail herself of a statutory motion for a new trial through which medium she has no remedy for the grievances of which she complains. It is true that the appellant filed the pleading in controversy in the cause in which the objectionable judgment was rendered; that it contains several of the statutory grounds for a new trial and on the face of the record it does not appear to be an original action. This court was confronted with a somewhat similar situation in the case of *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1922), 79 Ind. App. 76, 134 N. E. 508, wherein we said:

"While it appears that appellant filed its application under the title of the cause in which the original judgment was rendered, it was in fact an independent proceeding and will be so treated, since it was begun after the close of the term in which said judgment was rendered, although it would have been more formal had it been entitled and docketed as a separate action. *Brumbaugh* v. *Stockman* (1882), 83 Ind. 583; *Indiana, etc., Assn.* v. *Doherty* (1919), 70 Ind. App. 214, 123 N. E. 242. Cases may be found where such liberality in

construction has not been indulged, because of the attending facts and circumstances, as illustrated by *Stämpfer* v. *Peter Hand, etc., Co.* (1917), 67 Ind. App. 485, 118 N. E. 138. But, wherever justice appears to demand it, courts should look through the form of a pleading to its substance, and thereby make it effective for the purpose intended, where this can be done without violating any statute or settled rule of practice. For this reason such cases are not necessarily controlling precedents."

Under the principles thus announced we think we may properly regard the appellant's so-called motion for a new trial as an original action and the ▉ allegations therein based on the statute may be treated as allegations showing merit in the appeal of which the appellant claims she has been deprived through inability to perfect the record. It appears that the parties and the court below so treated the matter because there was a trial of that issue during which the appellant proved the reporter's death and the inability of a number of other experienced court reporters to transcribe his notes. The appellee defended on the theory that, notwithstanding the reporter's death and the inability of anyone to read his notes, the appellee had long hand notes on all the evidence, the appellant's objections and the court's rulings thereon and that the appellant had made no effort to agree on a bill of exceptions satisfactory to both parties. At the time of this hearing the appellee produced and offered to file a general bill of exceptions containing the evidence duly certified by the trial judge as containing "all of the evidence given in said cause, with objections made thereto, the rulings of the court on said objections and the exceptions taken thereto and the offers to prove." The appellant objected to the filing of this document on the grounds that it was prepared

by the appellee's attorneys without her knowledge or consent, that it is inaccurate, incomplete and in no respect constitutes an agreed bill of exceptions containing the evidence. The court then made the following ruling: "which objections of the defendant, Dorothy King, to the signing, settling and filing of said Bill of Exceptions is overruled and said Bill of Exceptions, pursuant to praecipe heretofore filed by the defendant, and heretofore submitted to the defendant's counsel, is now signed by the Court and filed herein and made a part of the record herein."

On this state of the record the trial court evidently was not convinced that the appellant's right to a full and adequate appeal could be preserved in no other way than through the medium of a new trial and therefore denied the same. As we construe the decision of the court in *Indianapolis Life Ins. Co.* v. *Lundquist, supra,* upon which the appellant leans so heavily, equity will compel a new trial only when a proposed appeal involves questions that cannot be determined in the absence of the evidence and a general bill containing the same cannot be procured in any other way. The possibility of procuring such a bill, without a new trial, is an issue of fact for the trial court to determine. In the present case the court had before it a general bill which it considered adequate to present all questions as to the sufficiency of the evidence as a whole and the admissibility of any item thereof in particular. We have searched the record and find no evidence whatever tending to show that said bill is inaccurate or incomplete in any respect or that, through its use, the appellant was foreclosed in the presentation of any material question on appeal. If we were to hold that the court erred in denying the appellant the relief she seeks, we could do so only

on the theory that the unavailability of the reporter's shorthand notes, whereby a verbatim transcription thereof becomes impossible, is sufficient, in itself, to warrant a court of equity in decreeing a new trial, notwithstanding the fact that a bill of exceptions containing the evidence adequate for all purposes, was prepared in some other manner and made a part of the record in ample time for the appellant's use on appeal. Such is not the law in Indiana.

Judgment affirmed.

NOTE.—Reported in 82 N. E. 2d 527.