CARSON *v.* CARSON

[No. 17,939.   Filed January 11, 1950.]

*Bingham, Cook & Spilman,* of Indianapolis, for appellant.

*New & New,* of Indianapolis, for appellee.

MARTIN, P. J.—This is an action brought by the appellee against the appellant on a contract entered into between appellant and appellee on November 28, 1936. The contract was in the nature of separation agreement and custody and support of the two minor children of the appellant and appellee. The agreement was incorporated and made a part of the court's decree of divorce. The appellee alleged in her complaint that the contract provided for payments of $5.00 per week for each child until he became twenty-one years of age and that the appellant failed to make $500.00 of said payments. That part of said agreement which was filed as Ex. "A" and made a part of the complaint pertinent to the issues herein as follows:

"IT IS FURTHER AGREED BY and between the parties that if and when such divorce is granted, the said wife is to have custody of the minor children, John Franklin Carson and Gordon E. M. Carson and that the Husband is to have the privilege of seeing said children at any reasonable time.

"IT IS FURTHER AGREED by and between the parties that the said Husband shall pay as support for said minor children, during their minority, the sum of Five Dollars ($5.00) a week for each child, said payments to cease and terminate upon the said children attaining the age of twenty-one (21) years.

"IT IS FURTHER AGREED by and between the parties that should either of said children die before reaching the age of twenty-one (21) years,

the said payments for and on behalf of the child so dying, shall cease and terminate with the death.

"IT IS FURTHER AGREED by and between the parties that in the event of the death of the said wife, the hereinabove set out payments to be made by the Husband to the Wife, shall cease and terminate as of the date of her death.

"IT IS FURTHER AGREED by and between the parties that the Wife is to be permitted to reside in the house located at 4451 Carrollton Avenue, Indianapolis, Indiana until January 1st, 1937 and that she will remove herself and her belongings from said premises on or before said January 1st, 1937.

"IT IS FURTHER AGREED BY and between the parties that the Husband will continue to carry sufficient insurance upon his life so that the terms of this agreement, regarding payments to the Wife and to her for the benefit of the children, will be carried out in full in the event of the death of the Husband before the completion of the payments herein specified."

The appellant filed the Second Amended Paragraph Four of Answer alleging that the appellant paid to the appellee the amount of $5.00 per week for the use and benefit of their minor child, Gordon Carson, from the time of their divorce until February 15, 1943, when said Gordon Carson entered the Armed Forces; that said Gordon Carson reached the age of twenty-one years while in said Armed Forces and that during the time said Gordon Carson was in the Armed Forces this appellee did not lay out and expend the amount of $5.00 per week for support of said Gordon Carson and that the appellee has been paid in full on her said contract.

The decree of the court was in favor of the appellee on her amended complaint. The appellant has assigned as error the overruling of his motion for a new trial. The reasons assigned in the motion for a new trial,

some of which present no question however, but they do present the following questions:

    (1) The finding of the court is not sustained by sufficient evidence.

    (2) The amount of recovery assessed by the court is excessive.

The following are additional assignment of errors:

    (2) The court erred in sustaining plaintiff's demurrer to defendant's Amended Paragraph II of Answer.

    (3) The court erred in sustaining plaintiff's motion to strike out defendant's Amended Paragraph II of Answer.

    (4) The Court erred in sustaining plaintiff's demurrer to defendant's Paragraph III of Answer.

    (5) The Court erred in sustaining plaintiff's demurrer to defendant's Paragraph IV of Answer.

    (6) The Court erred in overruling defendant's motion to introduce additional evidence.

The evidence discloses that the appellant paid $5.00 per week for each boy regularly with reference to John until John was twenty-one years of age. After John became twenty-one, the appellant paid $5.00 per week for the support of Gordon Carson through the Clerk's Office until October 1942. Two years later he made sixteen payments of $5.00 each, totalling $80.00. He paid a total of $2,842.00 which made all of the appellant's payments in full until Gordon Carson went into the military service of the United States Army February 15, 1943 and said Gordon Carson remained in the Army until after he was twenty-one years of age. Prior to Gordon Carson going into the Army, the appellee spent on the two boys approximately $1,974.00 for groceries, $650.00 for clothing, $75.00

for doctor bills, $175.00 for carfare, $320.00 for school lunches, $100.00 for books and school supplies, $275.00 for recreation, $153.00 for coal, $91.00 for insurance, $1,500.00 for rent, $75.00 for dental bill, $22.00 gas bills, $105.00 light bills and approximately $75.00 on Gordon Carson while in the Army. The appellee expended a total of $5,634.00; that the appellee spent out of her own money for the support of the boys $2,792.00 in addition to what she received from the appellant.

The appellant urged the fact that appellant's son, Gordon Carson, entered the Armed Forces of the United States, resulting in a complete emancipation of said minor and appellant was thereafter relieved of the obligation to contribute to the support of said minor son.

It is our opinion that no emancipation of the son has occurred by reason of his entering the Armed Forces to release the father from the performance of his contractual obligations. Although, on occasion "emancipation" has been used to signify complete severance of the legal rights and liabilities attendant upon the relationship of parent and child, it has frequently and more accurately been held to operate merely as a relinquishment to the child of its earnings, free of any of the rights or claims thereto in favor of the parent. "Emancipation" does not operate to release a parent from liabilities and obligations involving his child which he has expressly covenanted to perform. The doctrine of emancipation has as its basis sound principles of public policy and has been applied by the courts, for the most part, to protect the best interests of children and those who have provided them with necessaries when their parents have failed to do so. The entering of the child into the Armed Services does not constitute a voluntary sur-

render of control on the part of the parent. *Harwood* v. *Harwood* (1944), 49 N. Y. S. 2d 727, 182 Misc. 130.

The appellee brought this action to recover under a contract. The entering of Gordon Carson into the Armed Services results only in a suspension of any right appellee may have to her son's services during such period as the Nation exercises its superior right to such services. The pay received by the boy may be regarded in the nature of a gratuity from the Government, because the Government in time of war unquestionably has the right to determine what sum, if any, it will pay to whom it calls into service. Even while the boy is in actual service, there may be many obligations which the parent is still called upon to assume.

The obligation under the contract is not one of reimbursement to the wife for the expenses incurred to her in maintaining and supporting the son and nothing else. The obligation does not spring into existence only upon a showing by the appellee that she has expended certain sums in maintaining and supporting the boy. That does not mean, nor does she claim, that she would be entitled to retain for her own use and benefit the full sum specified in the contract to the exclusion of her son, the other beneficiary; but the fact that she would have no right to the sole use and benefit of the full installments does not impair her right to collect the entire amount. With respect to any benefits intended for the boy, her position would be that of a trustee charged with the duty both legal and moral to effect collection so as to make available to the boy the benefits intended for him. *Hutchinson* v. *Wood et al.* (1915), 59 Ind. App. 537, 109 N. E. 794.

"An agreement of the parties as to the custody of their children made previous to a decree for divorce

will not necessarily control the decision of the court, at least when a change of conditions arises. However, such an agreement may be binding upon the parties to it and regulate their rights and obligations inter sese; yet where the welfare of the child is involved, as it is in divorce cases, parents cannot by contract so bind themselves as to foreclose the court from an inquiry as to what that welfare requires. Where such an agreement is conducive to the general welfare of the children, it may be incorporated into the decree and enforced, but the court's power subsequently to modify the decree as to the custody of the children is not thereby abridged . . ." 27 C. J. S., Divorce, § 311, p. 1177.

The contract between the parties in this case was complete and final as between themselves and likewise final as to the support of their minor children so far as they could make it final under the law. The appellee had a legal right to make a contract with the appellant for the support of her minor children. The consideration for such contract was adequate and complete and the contract was mutually and permanently binding on both parties, but such contracts are subject to the approval of the court granting the divorce. Even though such a contract has been made a part of the decree of divorce, yet because of the continuing jurisdiction of the court and because of the demands of public policy, the court may subsequently modify the decree as to the custody of the children and the support allowance for children if changed circumstances require it, since the parent can not by his own contract relieve himself of the legal obligation to support his minor children. *Kitner* v. *Kitner* (1946), 78 Ohio App. 324, 65 N. E. 2d 156.

The appellant never made application to the court during the time his son was in the Armed Services to

have any modification of the support payments, and the decree approving the contract in question was never modified and the contract was not merged in the decree for divorce. The appellee had a right to recover under said contract. *Wimpfheimer* v. *Wimpfheimer* (1943), 45 N. Y. S. 2d 902, 262 App. Div. 304.

The second error in the motion for a new trial relied upon for reversal was that the amount of recovery assessed by the court is excessive. Appellee's complaint is a suit on a contract and alleged the sum of $498 to be due and unpaid. The evidence shows this amount due under the terms of said contract and appellant admits by his pleading he did not pay; therefore, the judgment of the court is not excessive since it is the amount under the terms of the contract that the appellant had agreed to pay.

The second error relied upon for reversal questions the action of the court in sustaining appellee's demurrer to appellant's amended paragraph two of answer. The ruling of the court is harmless to the appellant. The allegations, demurred out, could be proved by evidence, both under paragraph 1 of answer and the remaining affirmative paragraphs of answer. 1 Lowe's Revision, *Works' Indiana Practice,* § 16.20 and cases there cited.

The third error relied upon for reversal questions the action of the court in sustaining oral motion to strike out the appellant's amended paragraph two of answer after the appellant had failed to plead further under the rule of the court. We have carefully read said paragraph and have reached the conclusion that no good purpose would be served by setting this paragraph out here. Paragraph 1 of answer and amended paragraphs 3 and 4 remained

on file and all evidence admissible under amended paragraph 2 of answer was provable under paragraph 1 of answer and other affirmative paragraphs. Where the court strikes out an affirmative answer on motion such action is not available error when there are other pleadings remaining on file under which the same proof could be made. *Nesbitt* v. *Miller* (1933), 98 Ind. App. 195, 188 N. E. 702 and cases there cited.

The fourth and fifth errors relied upon for reversal question the action of the court in sustaining appellee's demurrer to the appellant's 3rd and 4th paragraphs of answer. After the court's ruling the appellant filed an amended 3rd and 4th paragraphs of answer. The filing of amended answer after demurrer to original answer has been sustained, waives any error that may have been made on the ruling on the demurrer. *Taylor* v. *Altgelt* (1946), 224 Ind. 383, 67 N. E. 2d 531.

The appellant's brief fails to state any proposition, point, or authority in support of the sixth assignment of error, therefore we treat the same as waived. *King* v. *King* (1949), 119 Ind. App. 46, 82 N. E. 2d 527.

We hold there is sufficient evidence to sustain the decision of the court, and it is not contrary to law. The court did not err in overruling the appellant's motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 89 N. E. 2d 555.